No. 23-3075

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

ROBERT MENZER,

Plaintiff-Appellant,

v.

U.S. BANK, N.A., as Trustee et. al.

Defendant-Appellee.

---

On Appeal from the United States District Court
for the District of Nevada
No. 3:23-cv-00299-MMD
Hon. Miranda Du, District Judge

---

## OPENING BRIEF

---

TORY M. PANKOPF
CALIFORNIA BAR No. 202581
TORY M. PANKOPF, LTD.
748 S Meadows Parkway, Suite 244
Reno, Nevada 89521
Phone: 775.413.4242
tory@pankopfuslaw.com

*Attorney for Appellant*
*Robert Menzer*

## <u>TABLE OF CONTENTS</u>

Table of Contents………………………………………. i-v

Table of Authorities…………………………………. ii-v

Case Law……………..………………………… ii-iv

State and Federal Statutes…………………………………. iv-v

Rules……………………………………… v

I. INTRODUCTION……………………………….... 1-4

II. JURISDICTIONAL STATEMENT…….………………... 4-3

III. ISSUES PRESENTED FOR REVIEW……………………… 5

IV. STATEMENT OF THE CASE……………………………… 6-9

V. MENZER'S RIGHT TO DUE PROCESS………………………… 9-14

    A. U.S. and Nevada Constitutions Guarantee Menzer Due Process.. 9-10

    B. Judgment Entered Without Notice or Service Is Void………… 10-11

    C. U.S. Bank Admits Summons Was Not Published in Douglas County……………………………………….. 11-13

    D. Statutory Provisions for Service Must Be Strictly Pursued…… 13-14

        1. Actual Notice Is Not a Substitute for Service of Process……. 14

VI. ARGUMENT…………………………………….. 14-20

    A. Standard of Review Re Claim Preclusion…………….….. 14-15

    B. The Requirements of Claim Preclusion Have Not Been Met.. 15

i

**C. The Default Judgment Is Constitutionally Infirmed**………..  **16-19**

    **1. The District Court Erroneously Gave Full Faith and Credit to the Invalid State Court Judgment**…..…………..  **16-17**

    **2. Menzer Did Not Have a Full and Fair Opportunity to Litigate**…………………………..…………………..  **17-18**

    **3. No Claim Preclusion Because State Court Had No Jurisdiction**……………………………..………...……  **19**

    **D. Claims Are Not Identical**………………………….……..  **19-21**

**VII. ARGUMENT**……………………………………………..  **21-24**

    **A. The Younger Doctrine Is Not Applicable**…………………..  **21-23**

    **B. The Rooker-Feldman Doctrine Is Not Applicable**…………...  **23-24**

**IX. CONCLUSION**……………...………………….......................  **24**

**CERTIFICATE OF COMPLIANCE**………………………...  **25**

**CERTIFICATE OF SERVICE**…..………………………………  **26**

## Table of Authorities

### <u>Case Law</u>

***Abreu v Gilmer*, 115 Nev. 308**…………………………………  **14**

***Allen v McCurry*, 449 U.S. 90, at 96, 101**…………………….  **16**

***Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)**…………………  **10**

***Callie v. Bowling* (Nev. 2007) 123 Nev. 181**……………………  **9**

***C.H.A. Venture v. G.C. Wallace Consulting*, 106 Nev. 381**………..  **14**

***Crummer v. Fourth Judicial District Court*, 68 Nev. 527**………….  **11-12, 13**

*Deal v. Baines*, 110 Nev. 509 (Nev. 1994)…………………………..  **2**

*Doyle v. Jorgenson*, 82 Nev. 196 (Nev. 1966)…………………….  **2**

*Epstein v. Epstein* (Nev. 1997) 113 Nev. 1401……………………..  **2, 10**

*Foster v. Lewis*, 78 Nev. 330 (1962)…………………………………...  **11, 13, 14**

*Crummer v. Fourth Judicial District Court*, 68 Nev. 527…………  **12**

*Gassett v. Snappy Car Rental*, 111 Nev. 1416………………………  **10**

*Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969)……………...  **10**

*Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed.
2d 482 (1975)…………………………………………………………..  **22**

*In re Lake*, 202 B.R. 751, 758 (B.A.P. 9th Cir. 1996)……………...  **4, 17**

*Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 483 (1982)………….  **16**

*Maiola v. State*, 120 Nev. 671 (2004)…………………………………  **9**

*Marshall* v. *Holmes*, 141 U.S. 589………………………………………  **3, 23**

*Martin v. Justice Court*, 44 Nev. 140 (1920)………………………….  **11**

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)……………………  **10**

*McDonald v. Mabee*, 243 U.S. 90, 92, (1917)……………………….  **16**

*Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020
(9th Cir. 2019)……………………………………………………………  **15**

*New Orleans Public Service, Inc.* v. *Council of City of New
Orleans*, 491 U.S. 350, 373 (1989)……………………………………  **21, 22**

*NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir.
2019)………………………………………………………………………  **15**

*Pennoyer v. Neff*, 95 U.S. 714, 733 (1878)…………………………..  **10**

*Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)…………………………………………………... 22

*Peralta v. Heights Medical Center, Inc.*, (1988) 485 U.S. 80……… 2, 10,

*Perry v. District Court*, 42 Nev. 284…………………………….. 12, 13

*Price v. Dunn* (Nev. 1990) 106 Nev. 100………………………… 2, 10

*San Remo Hotel, L.P. v. San Francisco City & Cty.*, 364 F.3d 1088, 1094 (9th Cir. 2004)…………………………………….. 15

*Sherrer v. Sherrer*, 334 U.S. 343 (1948)………………………… 17

*Simon v. Southern Railway*, (1915) 236 U.S. 115………………… 2, 10, 23

*Sprint Commc'ns, Inc. v. Jacobs* (2013) 571 U.S. 69, 72………... 21

*Thatcher v. Justice Court*, 46 Nev. 133, 207 P. 1105 (1922)………. 10

*Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015)……………………… 15, 19

*Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019)……………………………………………………. 14, 15

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)…………………………………………………….. 10

## Constitutions

Nev. Const. art. 1, § 8( 5)……………………………………... 9

U.S. Const. amend. XIV, § 1……………………………………… 9, 17

## State and Federal Statutes

28 U.S.C. §1441(a)……………………………………………… 4

28 U.S.C. § 1332(a)(1)…………………………………………… 4

28 U.S.C. § 1291………………………………………………… 4

iv

**28 U.S.C. § 1738**……………………………………………. **5, 16**

**Nevada Revised Statute § 238.030** …………………………….. **6, 13**

**Nevada Revised Statute § 238.080**……………………………… **6**

**Nevada Revised Statute §§ 238.010 to 238.080**…………………… **6**

## **Rules**

**Nevada Rules of Civil Procedure Rule 4(a)**……………………… **9, 11**

**Nevada Rules of Civil Procedure Rule 4(e)(1)(i)**……...…………… **5, 13**

**Nevada Rules of Civil Procedure Rule 11**……….……………….. **12**

# I.

## INTRODUCTION

This appeal seeks to provide Plaintiff, Robert Menzer ("Menzer") his right to due process and equity he has been denied by the district court's decision and the Nevada State district court ("State Court"). Defendant U.S. Bank, N.A. ("U.S. Bank") obtained an order from the State Court to serve the summons via publication and was directed to publish the summons in Douglas County. 2-ER-23-4. However, U.S. Bank, admittedly, did not comply with the order for publication and published the summons in Clark County. 2-ER-110. U.S. Bank applied for a default judgment and misrepresented to the district court that it had published the summons in Douglas County. 2-ER-29. The default judgment was entered. 2-ER-36-7. Months later, Menzer saw a Notice of Sheriff's Sale in The Recorder-Courier newspaper circulated in Douglas County. 2-ER-44. Menzer contacted U.S. Bank regarding the default judgment identified in the legal notice. 2-ER-47. U.S. Bank misrepresented to Menzer it had served him via publication. 2-ER-47-8; 1-ER-3.

When Menzer discovered the falsity of U.S. Bank's representation, he immediately moved for an order to vacate the void default judgment and quash service. 2-ER-50-60. The State Court denied Menzer motion by erroneously concluding Menzer did not diligently apply for an order setting aside the void judgment. 2-ER-62-5. The State Court's decision, among other things, erroneously

1

misconstrued and applied *Doyle v. Jorgenson*, 82 Nev. 196 (Nev. 1966) and *Deal v. Baines*, 110 Nev. 509 (Nev. 1994).

The default judgment and order denying Menzer's Motion to Set it Aside violated Menzer's right to due process under the U.S. and Nevada Constitutions. It is a manifest error of law. A judgment entered without notice or service violates the Due Process Clause. *Peralta v. Heights Medical Center, Inc.*, (1988) 485 U.S. 80. Including Nevada's right to Due Process. *Price v. Dunn* (Nev. 1990) 106 Nev. 100, 104; *Epstein v. Epstein* (Nev. 1997) 113 Nev. 1401, 1405. The State Court's error was so obvious and indisputable, that it warranted reversal on appeal. However, on appeal, the Nevada Supreme Court simply dismissed the appeal based upon lack of jurisdiction. 2-ER-67-9.

Thereafter, Menzer filed his complaint in the district court to, among other things, collaterally attack the constitutionally infirmed default judgment and enjoin U.S. Bank from enforcing it. 3-ER-72-85. United States courts by virtue of their general equity powers have jurisdiction to enjoin the enforcement of a judgment obtained by fraud or without service. *Simon v. Southern Railway* (1915) 236 U.S. 115. In the absence of service of process, a person named as defendant can no more be regarded as a party than any other member of the community. *Id.* A judgment against a person on whom no process has been served is not erroneous and voidable, but, upon principles of natural justice, and under the due process clause of the

Fourteenth Amendment, is absolutely void. *Id.* Jurisdiction of the United States courts cannot be lessened or increased by state statutes regulating venue or establishing rules of procedures and they have not prevented them from depriving a party of the fruits of a fraudulent judgment, nor from enjoining a party from using that which he calls a judgment, but which is, in fact and in law, a mere nullity and absolutely void for lack of service of process. *Id.* citing *Marshall* v. *Holmes*, 141 U.S. 589.

Regardless, the district court dismissed all Menzer's claims with prejudice based solely on claim preclusion. 1-ER-4. The district court declined to address any of the other bases for dismissing his complaint because it concluded they would not affect the outcome of the decision. 1-ER-4, 7. The district court erroneously concluded that the constitutionally infirmed default judgment was valid and final because it is immaterial whether the State Court correctly decided Menzer's challenge to the validity of the default judgment under Nevada law because the State Court reached a valid, final judgment on the matter. 1-ER-5. Of course, the district court provided no authority to support its erroneous conclusion.

Moreover, the district court concluded that Menzer's contentions that the default judgment violates the Due Process Clause of the Fourteenth Amendment and that U.S. Bank fraudulently misrepresented that it had properly served Menzer are insufficient to render the default judgment invalid. 1-ER-5. The district court relied

3

on *In re Lake*, 202 B.R. 751, 758 (B.A.P. 9th Cir. 1996) to make this erroneous conclusion. Id. However, *Lake* confirms that Menzer's contentions are more than sufficient to render the default judgment invalid. Specifically, "[a] state court's judgment is subject to collateral attack if the state court lacked jurisdiction over the subject matter or the parties, emphasis added, or the judgment was procured through extrinsic fraud [*Emphasis added*]". Id.

It is simply incredulous that the district court would conclude it doesn't matter Menzer's right to due process had been violated where the district court acknowledges he had not been served with the summons and complaint [1-ER-3] and U.S. Bank made misrepresentations to the State Court regarding the validity of the service which it has not denied. 2-ER-55; 106-22; 128; 189-204; 306-08; 3-ER-310-16. Menzer's right to due process cannot be waived or simply dismissed by either the State Court or the district court. The district court's decision simply ignores the fact the infirmed default judgment can be collaterally attacked for lack of jurisdiction over the parties or extrinsic fraud. *Lake*, supra. Consequently, Menzer is seeking this wrong be righted by this appeal.

## II.

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction under 28 U.S.C. §1441(a) and 28 U.S.C. § 1332(a)(1). The order granting U.S. Bank's motion to dismiss

4

Menzer's complaint is a final order. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291. The contemporaneous and interrelated case-ending order dismissing the complaint with prejudice was entered by the district court on October 20, 2023. This appeal is timely because the notice of appeal was filed immediately thereafter on October 20, 2023.

## III.

### ISSUES PRESENTED FOR REVIEW

Whether the district court erred in granting U.S. Bank's motion to dismiss by concluding claim preclusion barred Menzer's claims because Menzer could have brought his claims in the State Court where it did not have personal jurisdiction over Menzer because U.S. Bank, admittedly, failed to comply with the order for publication by not publishing the summon in Douglas County, thus, violating Menzer's right to due process under state and federal law?

Whether the district court erred by applying the full faith and credit [28 U.S.C. § 1738] to the State Court's constitutionally infirmed default judgment where U.S. Bank, admittedly, failed to comply with the order for publication by not publishing the summon in Douglas County and made material misrepresentations regarding the validity of the service, thus, violating Menzer's right to due process under state and federal law?

# IV.

## STATEMENT OF THE CASE

On June 8, 2018, U.S. Bank filed a complaint for, among other things, judicial foreclosure 2-ER-205-13 of the real property commonly described as 1526 Downs Drive, Minden, Nevada ("Property"). 2-ER-207.

U.S. Bank had 120-days i.e., October 5, 2018, to personally serve the summons and complaint on defendants. Nevada Rules of Civil Procedure ("NRCP") Rule 4(e)(i) ("Rule 4(e)(i)").

On December 10, 2018, U.S. Bank filed an ex parte application for an order extending time to serve Menzer and directing service by publication. 2-ER-90-1. The application was filed Sixty-six days after the 120-day period had expired. Rule 4(i).

On December 13, 2018, the district court entered an order prepared by U.S. Bank extending the time to serve 90-days from entry of the order i.e., March 13, 2019, [2-ER-103-4] and directing service by publication in a newspaper of general circulation in Douglas County.[1] Id.

---

[1] Any and all legal notices shall be published only in a newspaper of general circulation and printed in whole or in part in the county in which the notice is required to be published. Nevada Revised Statute ("NRS") § 238.030.

6

U.S. Bank has admitted the order for publication contained a mistake and it missed it.[2] 2-ER-110:7-9.

U.S. Bank admitted it did not publish the summons in Douglas County. 2-ER-110:10 and 14.

On February 4, 2019, U.S. Bank filed the affidavit of publication which states that:

> the "Nevada Legal News" is "a daily newspaper of general circulation printed and published in Las Vegas, Clark County, Nevada.

2-ER-134; 163.

Thus, confirming the summons was published in Clark County rather than Douglas County. [Id.]

On February 15, 2019, a constitutionally infirmed default was requested and entered against Menzer by the clerk of the district court. 2-ER-135-6.

The record of service of the summons by publication confirms the summons had not been published in Douglas County. 2-ER-134; 163.

On March 7, 2019, U.S. Bank filed an application for a default judgment against Menzer personally. 2-ER-127-36. U.S. Bank misrepresented to the district court that Menzer had been duly served via publication [2-ER-128:3-5] despite, on February 4, 2019, having knowingly filed the affidavit of publication with the

---

[2] Any and every legal notice published in a newspaper in violation of any of the provisions of NRS 238.010 to 238.080, inclusive, shall be absolutely void.

averment that the summons was published in Clark County rather than Douglas County.  2-ER-134; 163.

On April 4, 2019, U.S. Bank caused a writ of execution regarding real property to be issued by the district court which identified Menzer as the judgment debtor.  2-ER-138-49:21-26.

On May 30, 2019, Menzer saw the Notice of Sheriff's Sale ("Notice") of his Property published in The Recorder-Courier.  2-ER-44;151.  The Notice mentioned a final judgment entered by the [district court] in the above-captioned case on March 26, 2019".  2-ER-44;151. It was the first time Menzer had become aware of the underlying action and the default judgment having been entered against him.  Id.  The next day, Menzer consulted legal counsel regarding his options.  Id.

After meeting with counsel, on May 31, 2019, Menzer's counsel emailed U.S. Bank's counsel to inquire about the default judgment. 2-ER-46-8. He advised counsel that Menzer's obligation to repay the default judgment had been discharged in bankruptcy and provided counsel with a copy of the discharge order.  Id. Moreover, the default judgment violated the bankruptcy discharge order.  Id.  And there appeared to be procedural issues with the service of the summons and complaint. Id.

U.S. Bank's counsel responded within the hour and advised that the default judgment was entered against the Property and not Menzer.  Id.  Counsel provided

8

a copy of the default judgment, proof of service by mail, and notice of entry of default judgment. [Id.] However, she omitted the affidavit of publication [Id.] despite having previously filed it with the district court, having it in U.S. Bank's file and having attached it as an exhibit to Respondent's request for default judgment. Id. Unbeknownst to Menzer's counsel was the fact the summons had not been published in Douglas County and counsel's failure to provide him with a copy of the affidavit was intentional. Id.

Menzer's counsel relied upon U.S. Bank's counsel's misrepresentation that Menzer had been lawfully served by publication. Id.

Menzer appealed the State Court's order denying his motion to set aside the void judgment [ 3-ER-325-6 ] but the Nevada Supreme Court dismissed his appeal because it concluding it did not have jurisdiction to consider it. 3-ER-364-7. Thereafter, Menzer's complaint was filed in the district court as discussed in the introduction above.

## V.

## MENZER'S RIGHT TO DUE PROCES

### A. U.S. and Nevada Constitutions' Guarantee Menzer Due Process.

"Both the United States Constitution and the Nevada Constitution guarantee that a person must receive due process before the government may deprive him of his property. *Id*. at Footnote 2 citing "U.S. Const. amend. XIV, § 1 ("nor shall any

9

State deprive any person of life, liberty, or property, without due process of law");
Nev. Const. art. 1, § 8( 5) ("No person shall be deprived of life, liberty, or property,
without due process of law.")." *Peralta*, *Price*, and *Epstein*, supra.

The Nevada Supreme Court has recognized that procedural due process
"requires notice and an opportunity to be heard."" *Callie v Bowling, 123 Nev. 181
(Nev. 2007)* citing *Maiola v. State*, 120 Nev. 671, 675 (2004). In addition, Nevada
requires that a defendant receive written notice of a pending action. *Id*.; NRCP 4(a).

**B. Judgment Entered Without Notice or Service Is Void.**

The order denying Menzer's motion to set aside the default judgment and
quash service is based upon a manifest error of law. A judgment entered without
notice or service violates the Due Process Clause. *Peralta*, supra. Including
Nevada's right to Due Process. *Price*, at 104, supra; *Epstein* at 1405, supra. The
default judgment is constitutionally infirm. *Peralta* at 84.

A judgment against a person on whom no process has been served is not
erroneous and voidable but, under the due process clause of the Fourteenth
Amendment, is absolutely void. *Simon v. Southern Railway*, (1915) 236 U.S. 115.
Defective service renders the Court's personal jurisdiction over defendants invalid
and the judgment against them void. *Gassett v. Snappy Car Rental*, 111 Nev. 1416,
1419, 906 P.2d 258, 261 (1995). Failure to give notice violates "the most
rudimentary demands of due process of law." *Armstrong v. Manzo*, 380 U.S. 545,

10

550 (1965). See also *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *Pennoyer v. Neff*, 95 U.S. 714, 733 (1878). Without proper service, the judgment is void. *Thatcher v. Justice Court*, 46 Nev. 133, 207 P. 1105 (1922); *Martin v. Justice Court*, 44 Nev. 140, 190 P. 977 (1920)."

As discussed in the next section 1, U.S. Bank did not publish the summons in Douglas County. *Foster v. Lewis*, 78 Nev. 330, 333, 372 P.2d 679, 681 (1962). The default judgment entered against Menzer violated his right to due process under the U.S. and Nevada Constitutions. To conclude otherwise is a manifest error of law in complete disregard of the admitted facts of the case, the applicable rule or law, and indisputable evidence. Consequently, the default judgment as alleged in the complaint is void.

**C. U.S. Bank Admits Summons Was Not Published in Douglas County.**

As pled in Menzer's complaint, the record in this case is unambiguous and undisputed. U.S. Bank never complied with the district court's order for publication [2-ER-103-2] because it did not publish the summons in a newspaper of general circulation printed and published in Douglas County. 2-ER-163. The district court acknowledges this fact. 1-ER-3. The statutory provisions for acquiring jurisdiction

11

over a defendant by other than personal service must be strictly pursued.[3] *Foster v. Lewis*, 78 Nev. 330, 333, 372 P.2d 679, 681 (1962) citing State ex rel. *Crummer v. Fourth Judicial District Court*, 68 Nev. 527; *Perry v. District Court*, 42 Nev. 284, 174 P. 1058.

U.S. Bank, in its opposition to Menzer's Motion to Set Aside, admitted the summons had been published in Clark County rather than Douglas County. 2-ER-110:14. US Bank characterized its admission as a "mistake that was missed by counsel and the [c]ourt." 2-ER-110:7-8. The publication order was prepared by U.S. Bank and submitted to the district court. 2-ER-103-4.

More important than its admission is US Bank's filing of the affidavit of publication which clearly states the summons was published in Clark County. 2-ER-163. Given US Bank filed the affidavit of publication with the district court, it had actual knowledge the summons had not been printed and published in Douglas County prior to requesting a default, a default judgment, and writ of execution. Pursuant to NRCP Rule 11, counsel for U.S. Bank was required to have reviewed the affidavit prior to filing it with the district court. NRCP 11. Despite U.S. Bank's knowledge Menzer was never served with the summons or complaint, U.S. Bank misrepresented to the district court he had been duly served by filing the affidavit.

---

[3] NRCP 4 was amended by this Court's order dated December 31, 2018. The new rules were not effective until March 1, 2019. The applicable version of NRCP 4 to the issuance of the order for publication is the preceding version of the rule.

Based upon U.S. Bank's misrepresentation, the clerk of the court entered a default against Menzer, and, thereafter, the district court entered the default judgment against him. Thus, rendering Menzer individually liable on the constitutionally infirmed default judgment and his real property was sold by the Sheriff[4] – a deprivation of his property. Menzer's due process rights were violated.

### D. Statutory Provisions for Service Must Be Strictly Pursued.

The statutory provisions for acquiring jurisdiction over a defendant by other than personal service must be strictly pursued. *Foster v. Lewis*, 78 Nev. 330, 333, 372 P.2d 679, 681 (1962) citing State ex rel. *Crummer v. Fourth Judicial District Court*, 68 Nev. 527, 238 P.2d 1125; *Perry v. District Court*, 42 Nev. 284, 174 P. 1058. A plaintiff may serve a defendant by publication only if the requirements of Rule 4(e) are met and the procedures for publication are followed. NRCP Rule 4(e)(1)(i) and (iii).

The State Court's order regarding publication required U.S. Bank:

"to complete publication in [ ] The Nevada Legal News, a newspaper, published in the State of Nevada, County of DOUGLAS, for a period of 4 weeks, and at least once a week during said time."

2-ER-103-4.

However, the Nevada Legal News is not printed, published, or circulated in Douglas County. 2 -ER-110. Contrary to the publication order, U.S. Bank published in Clark

---

[4] The Property was purchased by U.S. Bank at the Sheriff's sale. 2-ER-166-9.

13

County. 2-ER-163. U.S. Bank's attempt at serving the summons via publication did not comply with either NRCP Rule 4(e)(1)(i), or (iii), or NRS 238.030. Thus, the statutory provisions for service by other than personal service were not strictly pursued by U.S. Bank. *Foster*, supra. Consequently, Menzer right to due process was violated.

## 1. Actual Notice Is Not a Substitute for Service of Process.

Actual notice of a suit is not an effective substitute for service of process. *Abreu v Gilmer*, 115 Nev. 308, 314, fn 5. Notice is not a substitute for service of process. *C.H.A. Venture v. G.C. Wallace Consulting*, 106 Nev. 381, 384. Personal service or a legally provided substitute must still occur to obtain jurisdiction over a party. *Id*.

## VI.

## Argument

### A. Standard of Review Re Claim Preclusion.

Under the doctrine of claim preclusion, "a final judgment on the merits" in a case precludes a successive action between "identical parties or privies" concerning "the same 'claim' or cause of action." *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019).

Claim preclusion precludes relitigation of claims that were raised or should have been raised in earlier litigation. *Migra v. Warren City Sch. Dist. Bd. of Educ.*,

14

465 U.S. 75, 77 n. 1 (1984). Issue preclusion, on the other hand, forecloses relitigation of factual or legal issues that have been actually and necessarily decided in earlier litigation.  Id.

*San Remo Hotel, L.P. v. San Francisco City & Cty.*, 364 F.3d 1088, 1094 (9th Cir. 2004). Whether claim preclusion bars a claim is reviewed de novo. *Wojciechowski*, 923 F.3d at 689; *Media Rts. Techs., Inc. v. Microsoft Corp*., 922 F.3d 1014, 1020 (9th Cir. 2019); *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019).

## B. The Requirements of Claim Preclusion Have Not Been Met.

*Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015) sets forth the requirements of claim preclusion.  Claim preclusion applies when: (1) there has been a valid, final judgment in the previous action; (2) the claims in the present action are identical to, or could have been brought in, the previous action; and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit.  The district court erroneously concludes all three factors are present for each of Menzer's claims, and thus his due process, slander of title, and fraud causes of action against U.S. Bank and Residential Funding are precluded.

As discussed below, the default judgment is not a valid final judgment and the claims in the present action are not identical to nor could they have been brought in the State Court action.

15

## C. The Default Judgment Is Constitutionally Infirmed.

### 1. The District Court Erroneously Gave Full Faith and Credit to the Invalid State Court Judgment.

The district court relied on 28 U.S.C. § 1738 ("Section 1738") and *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 483 (1982) to afford the invalid State Court judgment full faith and credit. 1 ER-4. However, *Kremer* highlights the erroneous decision reached by the district court and, contrarily, supports reversal of the decision.

Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. *Kremer* at 482 citing *Allen v McCurry*, 449 U.S. 90, at 96, 101. The State must, however, satisfy the applicable requirements of the Due Process Clause [*emphasis added*]. *Kremer*.

A State may not grant preclusive effect in its own courts to a constitutionally infirmed judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment. Id.; Kremer at fn23 citing *McDonald v. Mabee*, 243 U.S. 90, 92, (1917) ("[A]n ordinary personal judgment for money, invalid for want of service amounting to due process of law, is as ineffective in the State as it is outside of it"). Section 28 U.S.C. § 1738 does not suggest otherwise; other state and federal courts would still be providing a state court judgment with the "same"

16

preclusive effect as the courts of the State from which the judgment emerged. Id. In such a case, there could be no constitutionally recognizable preclusion at all. Id. at 483.

Here, the default judgment is, admittedly, constitutionally infirmed because Menzer was not served with the summons as required by due process. The district court's decision recognizes this fact but concludes it is immaterial and opted to give the default judgment full faith and credit. Because the default judgment is constitutionally infirmed, it is not a valid final judgment. Therefore, claim preclusion is not applicable and the decision must be reversed and remanded. *Kremer*.

### 2. Menzer Did Not Have a Full and Fair Opportunity to Litigate.

The Court's decisions enforcing the Full Faith and Credit Clause of the Constitution, Art. IV, § 1, also suggest that what a full and fair opportunity to litigate entails is the procedural requirements of due process. *Sherrer v. Sherrer*, 334 U.S. 343 (1948). The district court concluded that Menzer had a full and fair opportunity to litigate the validity of the default judgment and the reasons for the delay in challenging the default judgment. 1-ER-5. The district court based its conclusion by twisting the reasoning in *In re Lake*, 202 B.R. 751, (B.A.P. 9th Cir. 1996). Here, the district court simply states a "state court judgment may not have preclusive effect if it was obtained by 'extrinsic fraud', such a finding requires that

17

"there has been no fair adversary trial at law, either because the aggrieved party was kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense." 1-ER-5. The district court completely ignored the fact "[a] state court judgment is subject to collateral attack if the state court <u>lacked jurisdiction over the subject matter</u> or the parties, or the judgment was procured through extrinsic fraud." Id. at 758.

As established, the State Court lacked jurisdiction over Menzer because he had not been served with the summons and complaint. Regardless, Menzer has alleged "extrinsic fraud" in his complaint. 3-ER-381-5. Equity will set aside a judgment on the basis of extrinsic fraud if the judgment resulted from circumstances of unfairness or injustice where the aggrieved party was not afforded an opportunity to participate in the proceedings or to present his case to the court. *Lake* at 758.

Here, Menzer never made a general appearance in the State Court proceedings given he had never been served with the summons and moved to set aside the infirmed default judgment by quashing service. Consequently, he never had an opportunity to litigate the allegations of U.S. Bank's complaint. Menzer's rights to introduce evidence and otherwise to conduct his defense were completely impaired by U.S. Bank's admitted failure to serve Menzer. Menzer was denied his day in court with respect to every issue involved in U.S. Bank's complaint.

18

Consequently, the district court's conclusion that the invalid default judgment is a valid final judgment is erroneous and precludes claim preclusion.

### 3.  No Claim Preclusion Because State Court Had No Jurisdiction.

While the requirement of a valid final judgment does not necessarily require a determination on the merits, it does not include a case that was dismissed without prejudice or for some reason (jurisdiction, venue, failure to join a party) that is not meant to have preclusive effect. *Weddell* at 328 citing *Five Star*, 124 Nev. at 1054 n. 27, 194 P.3d at 713 n. 27.

Here, claim preclusion is not applicable because the default judgment is invalid due to the lack of due process regarding service of summons and complaint i.e., the State Court had no jurisdiction.  Based thereon the district court's decision must be reversed.

### D. Claims Are Not Identical.

The district court concluded Menzer could have brought his present claims in the State Court action.  However, the district court conclusion is incorrect.

U.S. Bank's State Court action made three claims for: 1) Declaratory Relief re Re-establishment of Lost Note [ 2-ER-209 ]; 2) Expungement of Recorded Wild Assignment [ 2-ER-210 ]; and 3) Judicial Foreclosure [ 2-ER-210-11].  Menzer's district court action sought declaratory relief rendering the default judgment and related foreclosure documents void ab initio because of the violation of his due

19

process [ 3-ER-379-80 ] and made three claims for: 1) Violation of Menzer's Right to Due Process [ 3-ER-380 ]; 2) Slander of Title [ 3-ER-381-2 ]; and 3) Fraud [ 3-ER-382-5 ].

None of U.S. Bank's claims are identical to Menzer's claims. First, the violation of due process issue is not the same. Menzer made a special appearance in the State Court to raise the issue for the purpose of quashing service and setting aside the default judgment. In the district court, the claim is being made to collaterally attack the invalid default judgment. It can hardly be considered a full and fair opportunity to litigate where it is a singular motion to quash service and set aside a default judgment where the State Court acknowledges that Menzer was not served the summons and concludes he waived his right to due process! A person's right to due process cannot be waived.

It is important to remember that Menzer never made an appearance in the action because filing a motion to quash service and challenge jurisdiction does not constitute a general appearance. Menzer simply argued that U.S. Bank never served him with the summons and complaint. Consequently, Menzer could never have brought any of his present claims in the State Court action because he was never served the summons. More importantly, his claims for violation of his right to due process, slander of title, and fraud did not ripen until after the State Court denied his motion to set aside the invalid default judgment.

20

Based thereon the decision of the district court must be reversed.

## VII.

## Argument.

### A. The Younger Doctrine Is Not Applicable.

Although the district court's decision explicitly stated that the Younger Doctrine would not affect its decision to dismiss the complaint based upon claim preclusion, Menzer asserts the doctrine is not applicable. Pursuant to the Younger Doctrine, U.S. Bank has contended the district court should abstain from resolving Menzer's complaint for violation of his right to due process. However, the Younger Doctrine is not even remotely applicable to Plaintiff's complaint.

First and foremost, federal courts are obliged to decide cases within the scope of federal jurisdiction. *Sprint Commc'ns, Inc. v. Jacobs* (2013) 571 U.S. 69, 72. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter. Id. citing *New Orleans Public Service, Inc.* v. *Council of City of New Orleans*, 491 U.S. 350, 373 (1989) ( *NOPSI*) ("[T]here is no doctrine that . . . pendency of state judicial proceedings excludes the federal courts."). The Court has recognized, however, certain instances in which the prospect of undue interference with state proceedings counsels against federal relief. Id.

Younger exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts

21

must refrain from enjoining the state prosecution. Id. The Court has extended Younger abstention to particular state civil proceedings that are akin to criminal prosecutions, see *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975), or that implicate a State's interest in enforcing the orders and judgments of its courts, see *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). Id. at 72-78. The Court has cautioned, however, that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant and should not "refus[e] to decide a case in deference to the States." Id. at 73 citing *NOPSI*, 491 U.S., at 368, 109 S. Ct. 2506, 105 L. Ed. 2d 298.

Circumstances fitting within the *Younger* doctrine, the Court has stressed, are "exceptional"; they include, as catalogued in *NOPSI*, "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id.

Plaintiff's complaint presents none of the circumstances the Court has ranked as "exceptional," the general rule governs: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. In fact, the complaint presents a fundamental issue clearly

22

within the crosshairs of its jurisdiction, i.e., Defendants' violation of Menzer's right to due process.

The Younger Doctrine is not applicable and, therefore, the decision should not be affirmed on this alternative ground.

### B. The Rooker-Feldman Doctrine Is Not Applicable.

United States courts by virtue of their general equity powers have jurisdiction to enjoin the enforcement of a judgment obtained by fraud or without service. *Simon v. Southern Railway* (1915) 236 U.S. 115. In the absence of service of process, a person named as defendant can no more be regarded as a party than any other member of the community. Id. A judgment against a person on whom no process has been served is not erroneous and voidable, but, upon principles of natural justice, and under the due process clause of the Fourteenth Amendment, is absolutely void. Id. Jurisdiction of the United States courts cannot be lessened or increased by state statutes regulating venue or establishing rules of procedures and they have not prevented them from depriving a party of the fruits of a fraudulent judgment, nor from enjoining a party from using that which he calls a judgment, but which is, in fact and in law, a mere nullity and absolutely void for lack of service of process. Id. citing *Marshall v. Holmes*, 141 U.S. 589.

Menzer's complaint simply seeks an order to enjoin U.S. Bank from enforcing the judgment which was obtained by fraud and without service as was

specifically set forth in the complaint. The Rooker-Feldman Doctrine is not applicable and, therefore, the decision should not be affirmed on this alternative ground.

## IX.

## CONCLUSION

Based upon the foregoing, the district court's order granting U.S. Bank's motion to dismiss with prejudice and denying Menzer's motion for a preliminary injunction must be reversed and remanded.

Dated: February 20, 2024

By: s/Tory M. Pankopf
Tory M. Pankopf Ltd
748 S Meadows Pkwy, Ste. 244
Reno, Nevada 89521
(775) 413-4242
Attorney for Appellant,
Robert Menzer

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 5404 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). Undersigned counsel further certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced 14-point, Times New Roman typeface using Microsoft Word 2022 for Mac.

DATED:  This 20th day of February 2024.

/s/ *Tory M. Pankopf*

Tory M. Pankopf

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED:  This 21st day of February 2024.

/s/ *Tory M. Pankopf*

Tory M. Pankopf