**Case No. 23-3075**

---

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

---

ROBERT MENZER

*Appellant*,

vs.

U.S. Bank, N.A. as Trustee, et al.

*Appellees*,

---

On Appeal from the United States District Court
District of Nevada, Case No. 2:14-cv-00177-RFB-GWF
The Honorable Miranda Du, Presiding

---

APPELLEES' ANSWERING BRIEF

---

Respectfully Submitted by:

WRIGHT, FINLAY & ZAK, LLP.
Christina V. Miller, Esq.
Nevada Bar No. 12448
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 West Sahara, Ste. 200
Las Vegas, Nevada 89117
702-475-7964; Fax 702-946-1345
*Attorneys for Appellees, U.S. Bank, N.A., as Trustee for Residential Funding*
*Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5*
*and Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through*
*Certificates, Series 2005-SA5*

## <u>CORPORATE DISCLOSURE STATEMENT</u>
## <u>PURSUANT TO FED. R. APP. P. 26.1</u>

The undersigned counsel of record certifies that the following are persons and entities as described in Fed. R. App. P. 26.1(a) and must be disclosed. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

Appellee, U.S. Bank, N.A., as Trustee for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5 ("U.S. Bank Trustee") is a wholly-owned subsidiary of U.S. Bancorp and there are currently no owners holding in excess of 10% of the outstanding stock.

Appellee, Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5 ("Residential Funding") is a securitized REMIC trust.

DATED this 8th day of May, 2024.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Ramir M. Hernandez, Esq.*
Christina V. Miller, Esq.
Nevada Bar No. 12248
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
*Attorneys for Appellees*

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ......................................................... ii

TABLE OF AUTHORITIES ......................................................................................v

INTRODUCTION ....................................................................................................1

ISSUES PRESENTED FOR REVIEW .....................................................................1

STATEMENT OF THE CASE...................................................................................2

    A.  The prior judicial foreclosure action before the state district court. ...............2

    B.  The Motion to Set Aside and Motion to Alter Judgment before the State

    District Court. ..............................................................................................................3

    C.  The Nevada Supreme Court Appeal.................................................................7

    D.  Procedural History in the Federal District Court.............................................7

SUMMARY OF THE ARGUMENT .........................................................................9

LEGAL ARGUMENT..............................................................................................11

    A.  Standard of Review.........................................................................................11

    B.  The Federal District Court correctly ruled that Menzer's claims are barred

    under the doctrine of claim preclusion.............................................................12

    C.  The Dismissal Order may still be affirmed on other grounds raised before,

    but not adjudicated by, the Federal District Court. ..............................................18

CONCLUSION.........................................................................................................24

STATEMENT OF RELATED CASES.....................................................................25

CERTIFICATE OF COMPLIANCE......................................................................26

CERTIFICATE OF SERVICE ..............................................................................27

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988) ................11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)......................................11

*Bludworth Bond Shipyard, Inc.*......................................................................................5

*Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) ......................19

*Deal v. Baines*, 110 Nev. 509, 512-13, 874 P.2d 775,777-78 (1994)....... 4, 5, 15, 17

*Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 75 L. Ed. 2d

    206, 103 S. Ct. 1303 (1983) ...................................................................................18

*Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ..20

*Doyle v. Jorgensen*, 82 Nev. 196, 414 P.2d 707 (1966).............................. 4, 14, 17

*Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ........................12

*Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1056-57, 194 P.3d 709, 714

    (2008)............................................................................................................. 12, 16

*Fontana Empire Ctr., Ltd. Liab. Co. v. City of Fontana*, 307 F.3d 987, 992 (9th

    Cir. 2002)...............................................................................................................18

*Howell v. Pac. Reclamation Water Co.*, No. 57004, 2012 Nev. Unpub. LEXIS 590,

    at *8-9 (Apr. 17, 2012) .........................................................................................13

*In re Lake*, 202 B.R. 751, (B.A.P. 9th Cir. 1996)...................................................15

*Kahn v. Orme*, 108 Nev. 510, 512, 835 P.2d 790, 792 (1992) ...............................14

*Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 483 (1982).........................14, 15, 16

*Landers v. Quality Communs., Inc.*, 130 Nev. 1207, 2014 Nev. Unpub. LEXIS 1241 (2014)...............................................................................................13

*Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1168 (9th Cir. 2013)............. 19, 20

*Palomar Mobilehome Park Ass'n v. San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) .............................................................................................................12

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 1533 (1987) ..........19

*Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 884-886 (9th Cir. 2011)...............................................................................................19

*Revolon Monterey Energy LLC v. Peak Operator LLC*, No. CV 13-7048 PSG (MRW), 2013 U.S. Dist. LEXIS 198354, at *4 (C.D. Cal. Dec. 27, 2013).........22

*Robinson v. Nev. Sys. of Higher Educ.*, 2016 WL 3869846, at *5 (D. Nev. July 15, 2016)...............................................................................................14

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008)....................................................22

*Sanai v. McDonnell*, 809 F. App'x 353, 354 (9th Cir. 2020)....................................18

*Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584, 588 (2013)......21

*Twombly*, 550 U.S. at 555 ........................................................................................12

*Weddell v. Sharp*, 350 P.3d 80, 81 (Nev. 2015) .........................................................8

**Other Authorities**

Full Faith and Credit Act, 28 U.S.C. § 1738 ........................................................12

*Younger* doctrine ............................................................................ passim

*Rooker-Feldman* doctrine .............................................................. passim

**Rules**

Fed. R. App. P. 26.1(a) ...................................................................... ii

Fed. R. App. P. 32(a)(7)(C) ............................................................26

Fed. R. App. P.32(a)(7)(B)(iii) ......................................................26

Fed. R. Civ. P. 12(b)(6)...................................................................11

Fed. R. Civ. P. 8(a)(2)......................................................................11

FRCP 12(b)(6).................................................................................13

Nevada District Court Rule 13(7) .....................................................6

Nevada Rule of Civil Procedure 52(b) ..............................................6

Nevada Rule of Civil Procedure 59(e)...............................................6

Ninth Circuit Rule 28-2.6 ................................................................25

Ninth Circuit Rule 32-1...................................................................26

NRCP 52(b).......................................................................................6

NRCP 59(e)........................................................................................6

NRCP 60(b)........................................................................................5

NRCP 60(b)(4)...................................................................................5

## INTRODUCTION

This case involves an appeal from a Nevada district court case where the Appellant Robert Menzer ("Menzer") sought to enjoin a foreclosure sale for real property. Previously, Menzer attempted to stop the foreclosure sale in state court, which had been ordered through a judicial foreclosure action via a default judgment entered against him in the same state court. In that case, Menzer claimed that the default judgment violated his due process rights. The state court disagreed, and the Nevada Supreme Court later affirmed the state court's ruling. Menzer then filed a separate action in federal district court, which the district court dismissed on claim preclusion grounds. Menzer appealed. This Court should affirm the federal district court's order of dismissal as it did not err in finding that Menzer's claims have been adjudicated and are therefore barred.

## ISSUES PRESENTED FOR REVIEW

1) Whether the federal district court correctly dismissed the case with prejudice on claim preclusion grounds where the record showed that Appellant raised identical claims before the state district court which were denied by the state district court and affirmed by the Nevada Supreme Court on appeal.

2) Whether the federal district court's ruling on claim preclusion grounds, if found to be erroneous, was harmless error where the *Rooker-Feldman* and *Younger* abstention doctrines would have nonetheless required dismissal.

## STATEMENT OF THE CASE

**A. The prior judicial foreclosure action before the state district court.**

On or about June 8, 2018, U.S. Bank Trustee filed a Complaint for Declaratory Judgment and Judicial Foreclosure ("Judicial Foreclosure Action") against Menzer regarding the real property located at 1526 Downs Drive, Minden, NV, APN: 1420-34-610-047 ("Property") (the "Property") in the Ninth Judicial District Court, State of Nevada ("State District Court").[1] U.S. Bank Trustee included a cause of action for judicial foreclosure following Menzer's default in payment under the terms of the promissory note. The Note was secured by a first position Deed of Trust, identifying Menzer as the borrower, recorded against title to the Property (the Note and Deed of Trust are collectively referred to as the "Loan").[2]

On March 26, 2019, the State District Court entered a Default Judgment against Menzer in favor of U.S. Bank Trustee, which permitted U.S. Bank Trustee to proceed with a judicial foreclosure against the Property.[3] The amount set forth in

---

[1] ER Vol. 2, 205-254.
[2] *Id.*
[3] ER Vol. 2, 255-260.

the Default Judgment as due and owing to U.S. Bank Trustee on the Loan was $725,581.92.[4]

On or about April 12, 2019, the State District Court entered a Writ of Execution Real Property that authorized the Douglas County Sheriff to conduct a foreclose sale against the Property.[5]

On May 31, 2019, Tory Pankopf, counsel for Menzer, sent an email correspondence to U.S. Bank Trustee's counsel, acknowledging that both he and Menzer were aware of the Default Judgment.[6] Mr. Pankopf also stated that he would file a motion the following week to stay the foreclosure sale and quash service because of the alleged defect in the service of publication.[7] No such motion was filed with the State District Court at any time prior to October 2020.

On August 14, 2020, counsel for U.S. Bank Trustee recorded a Sheriff's Deed stating that the Property sold at public auction ("Sheriff's Sale") on July 25, 2019.[8]

## B. The Motion to Set Aside and Motion to Alter Judgment before the State District Court.

On October 5, 2020, Menzer, threatened with an eviction and notice to quit, appeared in the State Court Case for the first time and filed a Motion to Set Aside

---

[4] *Id.*
[5] ER Vol. 2, 261-273.
[6] ER Vol. 2, 274-278.
[7] *Id.*
[8] ER Vol. 2, 279-284.

Void Default Judgment and Quash Service ("Motion to Set Aside").[9]  As his purported good cause for setting aside the Default Judgment, Menzer argued that he was not properly served with the Complaint as service of the summons and Complaint by publication was accomplished in Clark County, Nevada, and not Douglas County, Nevada.[10]

On March 4, 2021, the State District Court entered an Order denying the Motion to Set Aside (the "Motion to Set Aside Order"), acknowledging that service via publication was accomplished in Clark County and not Douglas County.[11] However, the State District Court made additional findings, based on binding precedent, which supported its conclusion that it was nonetheless appropriate to deny setting aside the Default Judgment, as follows:

- In *Doyle v. Jorgensen*, 82 Nev. 196, 414 P.2d 707 (1966), the Nevada Supreme Court recognized that while certain procedural defects may render a judgment void, "[t]his does not mean, however, that these defects cannot be waived, absent particular dictates of public policy. Because a judgment or order may be set aside under Rule 60(b) only upon such term as are just, the Nevada Supreme Court has stated a "court therefore is entitled to look to the equities for all parties.""[12]

- In *Deal v. Baines*, 110 Nev. 509, 512-13, 874 P.2d 775,777-78 (1994), the Nevada Supreme Court held that a party would not

---

[9] ER Vol. 2, 285-296.
[10] *Id.*
[11] ER Vol. 2, 297-304.
[12] *Id.*

be permitted to challenge the validity of a judgment under NRCP 60(b)(4) when that party is guilty of an unexplained and unreasonable delay. Because NRCP 60(b) expressly requires filing motion for relief within a reasonable time, the Court concluded that district courts may consider lack of diligence, including equitable estoppel principles, to deny relief from a void judgment. Further, *Deal* recognizes what the Fifth Circuit Court of Appeals pointed out in *Bludworth Bond Shipyard, Inc.*: once a party becomes fully aware of a judgment or order, that party ***should promptly seek relief*** to avoid circumstances that would make relief inequitable or give rise to estoppel.[13]

- In this case, both Menzer and his counsel had actual knowledge of the Default Judgment. They did not challenge the judgment until eighteen months after entry of the default judgment and fourteen months after the judicial foreclosure sale. This is not a reasonable time to respond to the default judgment under NRCP 60(b). Due to his lack of diligence in moving to set aside the default judgment, and consistent with *Deal v. Baines*, Menzer is therefore estopped from contesting the Default Judgment.[14]

On April 7, 2021, Menzer filed a Motion to Amend/Alter Order ("Motion to Amend"), seeking a second bite at the apple on its attempt to set aside the Default Judgment against him.[15] The State District Court denied the Motion to Amend and, on December 3, 2021, entered an Order to that effect ("Motion to Amend Order"),[16] concluding that the Motion to Amend was not properly filed pursuant to Nevada

---

[13] *Id.* (emphasis added).
[14] *Id.*
[15] ER Vol. 2, 305-308, Vol. 3, 309-315.
[16] ER Vol. 3, 316-322.

Rule of Civil Procedure 52(b)[17] or 59(e)[18] because the Motion to Set Aside Order was not a judgment and, therefore, not subject to Nevada Rule of Civil Procedure 52(b) or 59(e).[19] The State District Court explained that Menzer should have filed a motion to reconsider, pursuant to Nevada District Court Rule 13(7), which would not have tolled the periods to appeal.[20] Moreover, because Menzer did not seek leave under DCR 13(7) for reconsideration, the State District Court denied the Motion to Amend on this basis as well. Finally, the State District Court held that the arguments and authorities presented in the Motion to Amend were identical to those previously presented to the State District Court in Menzer's Motion to Set Aside which the State District Court had previously rejected.[21]

On December 28, 2021, Menzer filed his Notice of Appeal to the Nevada Supreme Court.[22]

---

[17] NRCP 52(b) states, in pertinent part: "On a party's motion filed no later than 28 days after service of written notice of entry of **judgment**, the court may amend its findings – or make additional findings – and may amend the **judgment** accordingly." (Emphasis added.)

[18] NRCP 59(e) states: "A motion to alter or amend a **judgment** must be filed no later than 28 days after service of written notice of entry of **judgment**." (Emphasis added.)

[19] ER Vol. 3, 316-322.

[20] *Id.*

[21] *Id.*

[22] ER Vol. 3, 322-342.

### C. The Nevada Supreme Court Appeal

On January 12, 2023, the Nevada Supreme Court entered an Order Dismissing Appeal ("State Court Appeal Order"), which dismissed the appeal for lack of jurisdiction as Menzer's Motion to Amend Order did not toll the period from which Menzer should have filed his appeal.[23]

### D. Procedural History in the Federal District Court

On June 22, 2023, Menzer filed a new case in the United States District Court, District of Nevada ("Federal District Court'), and which is the subject of this appeal. In his Complaint, Menzer alleges that Defendants violated his due process rights because Defendants did not serve him by publication in Douglas County, Nevada ("Due Process Case").[24] The Complaint also alleges claims for slander of title and fraud.[25] The allegations in the Complaint are virtually identical to the ones the State Court rejected in the Motion to Amend Order.

On August 1, 2023, U.S. Bank Trustee and Residential Funding filed a Motion to Dismiss Case with Prejudice. In the Motion to Dismiss, Appellees sought dismissal based on claim preclusion, issue preclusion, the *Younger* abstention *Rooker-Feldman* doctrines.[26] After briefing, the Federal District Court entered an

---

[23] ER Vol. 3, 363-366.
[24] ER Vol. 3, 371-384.
[25] *Id.*
[26] ER Vol. 2, 189-ER 204.

Order dismissing the Federal District Court Case ("Dismissal Order") on October 20, 2023.[27] The Dismissal Order set forth the following grounds for dismissal:

- Because the issue involves Nevada law and a prior case before the state court, the Federal District Court applied Nevada's claim preclusion doctrine, which applies when 1) there has been a valid, final judgment in the previous action; 2) the claims in the present action are identical to, or could have been brought in, the previous action; and 3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that he should have been included in the earlier suit and the plaintiff fails to provide a reason for not having done so. *See Weddell v. Sharp*, 350 P.3d 80, 81 (Nev. 2015). The Federal District Court declined to look at the other arguments U.S. Bank Trustee and Residential Funding raised in their Motion to Dismiss as a basis for dismissal.

- The State District Court entered a valid, final judgment on the matter. Specifically, the Motion to Set Aside Order found Menzer had waived any procedural defects and issued final, appealable orders. On appeal, the Nevada Supreme Court denied Menzer's appeal, which left nothing

---

[27] ER Vol. 1, 002-008.

for the State District Court to consider post-appeal. Menzer was afforded "a full and fair opportunity to litigate" the validity of the Default Judgment and the reasons for his delay.

- Menzer's three claims in the Complaint are identical and/or based on the same facts and alleged wrongful conduct raised in the Motion to Set Aside.

- The parties in the Federal Court Case are identical to the State Court Case, except for Residential Funding, which is in privity with U.S. Bank Trustee because the former is the beneficiary of the trust to which the latter is the trustee.[28]

## SUMMARY OF THE ARGUMENT

This Court should affirm Federal District Court's Dismissal Order for the following reasons:

First, the Federal District Court did not err in finding that Menzer's claims are barred under the doctrine of claim preclusion. Menzer's claims regarding lack of service by publication in the wrong county were raised and considered by the State District Court. Applying applicable Nevada law, as required in the Ninth Circuit,

---

[28] *Id.* The Dismissal Order also denied Menzer's Pending Motions for Temporary Restraining Order, Preliminary Injunction and an Order Shortening Time.

the State District Court correctly held that Menzer was dilatory in setting aside the Default Judgment because he was aware of it and did nothing to set it aside until it had been entered for over a year. Thus, Menzer was afforded his due process rights. These claims are identical to the ones set forth in the Federal District Court case. The Federal District Court then correctly applied the factors for claim preclusion under Nevada law and found 1) there was a valid final judgment in the State Court Action; 2) the claims made in both cases were identical; and 3) the parties were the same. Thus, this Court should not disturb this ruling.

In the event this Court finds that the Federal District Court erroneously applied the doctrine of claim preclusion, this Court may nonetheless affirm under the Harmless Error Doctrine because the Court may also affirm on the grounds of the *Rooker-Feldman* and *Younger* abstention doctrines. Appellees raised both doctrines in their Motion to Dismiss, but the Court did not rule on them because it ruled on the basis of claim preclusion, which was case-dispositive. Menzer provides no legal argument and authority for why those doctrines do not apply, other than claiming a violation of his due process rights, which as noted above, did not occur.

For these reasons, this Court should affirm the Federal District Court's Dismissal Order.

/././

/././

## LEGAL ARGUMENT

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint where it fails to state a claim upon which relief can be granted. A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint to determine whether there is a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."[29]

Fed. R. Civ. P. 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[30] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[31] "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient

---

[29] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).
[30] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[31] *Id.*

to defeat a motion to dismiss for failure to state a claim."[32]

## B. The Federal District Court correctly ruled that Menzer's claims are barred under the doctrine of claim preclusion.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts "give the same preclusive effect to a state-court judgment as another court of that State would give."[33] The district court then reviews the state's *res judicata* or claim preclusion law to determine if the case should be dismissed.[34] Nevada's claim preclusion law states that claim preclusion applies when the following three factors are met: (1) the same parties or their privies are involved in both cases, (2) a valid final judgment has been entered, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case.[35]

In this instance, the Federal District Court correctly identified Nevada's claim preclusion law and applied the three-factor test. Menzer agrees that this is the proper standard.[36]

---

[32] *See Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996). *See also*, *Twombly*, 550 U.S. at 555.

[33] *Palomar Mobilehome Park Ass'n v. San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

[34] *Id.*

[35] *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1056-57, 194 P.3d 709, 714 (2008).

[36] *See* Opening Brief at 21.

The question then turns to whether the Federal District Court correctly applied this test. In its analysis, the Federal District Court examined each of the three factors, only two of which are relevant to this Appeal as the Opening Brief does not contest the parties are identical.

1. The Federal District Court correctly determined the Default Judgment, and all subsequent orders, is a valid final judgment.

Per Nevada law, a valid final judgment is one where a court of competent jurisdiction enters a judgment on the merits.[37] The Dismissal Order examined whether the Default Judgment is a valid final judgment under Nevada law. The State District Court concluded that Menzer's attempts to set aside the Default Judgment against him were untimely and, therefore, Menzer had waived his right to challenge any procedural defect in the county of publication.[38] As a result of these adjudications, the Federal District Court held that Menzer had a "full and fair opportunity to litigate" on the merits the reasons for his delay in challenging the

---

[37] See *Landers v. Quality Communs., Inc.*, 130 Nev. 1207, 2014 Nev. Unpub. LEXIS 1241 (2014) ("Thus, we conclude that the federal district court's order dismissing Landers' original complaint for failure to state a claim under FRCP 12(b)(6) was a valid final judgment on the merits.") (unpublished disposition); *Howell v. Pac. Reclamation Water Co.*, No. 57004, 2012 Nev. Unpub. LEXIS 590, at *8-9 (Apr. 17, 2012) ("We conclude that the district court was not reviewing an agency action when determining the ownership contention; it was acting under its own jurisdiction.") (unpublished disposition).

[38] *See* ER Vol 1, 005.

Default Judgment.[39]

Menzer's response is that his due process rights were violated through insufficient service of process; as a result, the State Court lacked jurisdiction to hear the case as Menzer never personally appeared in the case.[40] As support, Menzer cites to *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 483 (1982) for the proposition that the state court must satisfy the requirements of the Due Process Clause regarding service of process and not give preclusive effect to a "constitutionally infirm judgment."[41]

But the State District Court and the Nevada Supreme Corut afforded Menzer his due process under Nevada law in finding that Menzer received sufficient notice of the Default Judgment because both he and his attorney (via email) were informed of the Default Judgment and deliberately chose not to act on the information they received. Specifically, the State District Court pointed to *Doyle v. Jorgensen*, 82 Nev. 196, 414 P.2d 707 (1966), where the Nevada Supreme Court held that once a party in informed of a judgment, that party should seek prompt relief if it believes

---

[39] *Id.* The Federal District Court cited to *Robinson v. Nev. Sys. of Higher Educ.*, 2016 WL 3869846, at *5 (D. Nev. July 15, 2016). *See also Kahn v. Orme*, 108 Nev. 510, 512, 835 P.2d 790, 792 (1992) (holding that a default judgment is a valid final judgment).
[40] *See* Opening Brief at 22-23.
[41] *Id.* at 16-17.

there are defects in the judgment. Likewise, it pointed to *Deal v. Baines*, 110 Nev. 509, 512-13, 874 P.2d 775,777-78, where the Nevada Supreme Court ruled that a default judgment could be upheld if a party unreasonably delayed in acting to set it aside. These rulings demonstrate that Menzer cannot use insufficient service of process as a shield when he otherwise had timely actual knowledge of the Default Judgment.

Menzer also cites to *In re Lake*, 202 B.R. 751, (B.A.P. 9th Cir. 1996), for the proposition that a state court judgment is subject to collateral attack if the state court lacked jurisdiction over the subject matter of the parties.[42] But this not a case of subject matter jurisdiction, which *Lake* only briefly addressed, but of insufficient service of process. And in *Lake*, the issue was whether the extrinsic fraud exception applied, which the Federal District Court concluded Menzer was unable to prove as he was afforded a "full and fair opportunity to litigate" both the validity of the Default Judgment and the reasons for his delay in challenging the Default Judgment in state court."[43]

Ultimately, the Federal District Court's position is consistent with the holding in *Kremer* where the United States Supreme Court held that "no single model of

---

[42] Opening Brief at 23-24.
[43] ER Vol. 1, 005.

procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause."[44]  Menzer's focus on an early procedural violation does not obviate that he was afforded fair due process in every other step of the proceeding, including the question of whether lack of service of process in the State Court Case violated his due process rights.  Thus, this Court should affirm the Dismissal Order, which held that the State District Court's and Nevada Supreme Court's rulings are valid final judgments.

2. <u>The Federal District Court correctly held that identical claims were brought before both courts.</u>

In Nevada, identical claims are those that have been brought or could have been brought in a prior suit.[45] As the Dismissal Order pointed out, Menzer's new causes of action arise from the same operative facts and none of the tortious conduct occurred after October 6, 2020, the day Menzer filed the Motion to Set Aside.[46] Menzer claims that the issues brought before the State and Federal Courts are not identical because Menzer has now included claims for violation of his due process

---

[44] *Kremer*, 456 U.S. at 483, 102 S. Ct. at 1898.
[45] See *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55, 194 P.3d 709, 713 (2008) ("This test maintains the well-established principle that claim preclusion applies to all grounds of recovery that were or could have been brought in the first case.").
[46] ER Vol. 1, 006.

rights, slander of title, and fraud.[47]

Menzer does not dispute that he could have brought his claims in the State Court Action, such as through a counterclaim. Instead, he argues that he only made a special appearance in the State Court Action because he was not personally served. As noted above, the State Court Action did not consider Menzer's "special appearance" argument to be meritorious because the question is not whether he was properly served but whether he was made aware of the default judgment and then took the appropriate steps to set aside under *Doyle* and *Deal*.[48]

Because Menzer had the ability to take timely steps to set aside the Default Judgment, but ultimately did not, the State District Court ruled that Menzer was afforded due process under Nevada law despite the "defect" in service. Thus, the Dismissal Order correctly concluded that Menzer had an opportunity to bring his claims before the State District Court. To the extent Menzer did not explicitly do so, the fault lies with Menzer because he did not act in a timely fashion to set aside the Default Judgment.

/./././

/./././

---

[47] *See* Opening Brief at 19.

[48] *Doyle v. Jorgensen*, 82 Nev. 196, 414 P.2d 707 (1966), *Deal v. Baines*, 110 Nev. 509, 512-13, 874 P.2d 775,777-78 (1994).

**C. The Dismissal Order may still be affirmed on other grounds raised before, but not adjudicated by, the Federal District Court.**

The Harmless Error Doctrine allows this Court to affirm a ruling when the subject order did not prejudice the aggrieved party and could have been affirmed on other grounds, such as the *Rooker-Feldman* or *Younger* abstention doctrines.[49] Appellees raised both the doctrines in its Motion to Dismiss.[50] Thus, even if this Court finds that claim preclusion does not apply, it can still affirm the lower court's ruling based on either doctrine.

1. This Court may affirm based on the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments."[51] "The doctrine also precludes a federal district court from exercising jurisdiction over general constitutional challenges that are "inextricably intertwined" with claims asserted in state court."[52] A claim is inextricably intertwined when "the district court is in

---

[49] See *Sanai v. McDonnell*, 809 F. App'x 353, 354 (9th Cir. 2020) ("To the extent the district court erred by denying Sanai's post-judgment motion to vacate dismissal of the action under the *Rooker-Feldman* doctrine, any error was harmless because dismissal was proper under the *Younger* abstention doctrine.").

[50] ER Vol. 1, 197-199.

[51] *Fontana Empire Ctr., Ltd. Liab. Co. v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing to *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983)).

[52] *Id.*

essence being called upon to review the state-court decision."[53] "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling."[54] This case meets all the factors.

*First*, a state-initiated proceeding was ongoing because U.S. Bank Trustee was in the process of evicting Menzer from the Property at the time he filed his Complaint.[55] As such, there was ongoing litigation between the parties that would have supported the Federal District Court's abstention.

*Second*, the State Court Action implicates important state interests. The Ninth Circuit has limited the *Younger* doctrine in real property cases when the state has stepped in to enforce its real property laws. Specifically, in *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1168 (9th Cir. 2013), the Ninth Circuit Court of Appeals held "the content of state laws becomes 'important' for *Younger* purposes only when coupled with the state executive's interest in enforcing such laws" or the state judiciary's interest in the operation of the judicial system."[56] In this instance, the

---

[53] *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 1533 (1987).
[54] *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (internal citations *omitted*).
[55] ER Vol. 3, 378.
[56] Citing to *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 884-886 (9th Cir. 2011).

Nevada Supreme Court dismissed the appeal for lack of jurisdiction because Menzer failed to file a timely appeal. As stated in *Logan*, Nevada has an interest in ensuring that its appellate rules are followed so that its judicial system can run effectively.[57] This case is Menzer's attempt at an end-around of those rules to have this Court effectively cancel a prior final judgment from the State District Court that the Nevada Supreme Court affirmed.

*Third*, the Complaint does not raise any federal constitutional issue that could not have been raised in the State Court Case. State courts are courts of general jurisdiction and there is no prohibition against bringing a due process claim before it. In fact, federal courts are prohibited from reviewing state court decisions on constitutional challenges.[58]

Finally, the Federal Court Case would have enjoined an ongoing state court proceeding. As previously stated, there was an unlawful detainer action pending in the East Fork Justice Court, Douglas County, State of Nevada to remove Menzer

---

[57] *Id.*

[58] See *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("If the federal constitutional claims presented to the district court are "inextricably intertwined" with the state court's judgment, then Doe is essentially asking the district court to review the state court's decision, which the district court may not do.")

from the Property post-foreclosure at the time Menzer filed his Complaint.[59] Intervention by the Federal District Court would have enjoined that proceeding.

Menzer argues that the *Rooker-Feldman* doctrine in not applicable because the judgment entered against him if void for lack for service.[60] But as noted above, the judgment is not void because Menzer had an opportunity to have his claims heard. Moreover, he failed to set aside the Default Judgment in a timely fashion after he was made aware of it. Critically, Menzer does not respond to any of the factors of the *Rooker-Feldman* Doctrine. Therefore, this Court may affirm on these grounds should it find that Federal District Court erroneously ruled on claim preclusion grounds.

2. This Court may also affirm based on the *Younger* abstention doctrine.

The *Younger* doctrine originally held that when there is a parallel, pending state criminal proceeding, the federal court is prevented from enjoining the state proceeding.[61] The United States Supreme Court extended the doctrine to cases that implicate a state's interest in enforcing the orders and judgments of its courts.[62] "In the Ninth Circuit, four requirements must be met for *Younger* abstention to apply:

---

[59] *See* ER Vol. 3, 372-385.
[60] *See* Opening Brief at 23.
[61] *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584, 588 (2013).
[62] *Id.*

(1) a state-initiated proceeding is ongoing; (2) the state-initiated proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the state proceeding or have the practical effect of doing so."[63]

In the Federal District Court case, Menzer asked the Court to review the State Court Action and overturn the rulings made therein. To alleviate any doubt that the allegations are the same, this Court only needs to compare paragraphs 9 through 38 of the Complaint[64] with the Motion to Set Aside filed in the State Court Action.[65] The allegations are identical: U.S. Bank Trustee failed to serve Menzer by publication in Douglas County, U.S. Bank Trustee violated Menzer's due process rights, and the Default Judgment is void.[66] The State District Court reviewed all these arguments and found they lacked merit, a decision that the Nevada Supreme Court did not disturb.[67] Therefore, Menzer's Due Process Case and this appeal are

---

[63] *Revolon Monterey Energy LLC v. Peak Operator LLC*, No. CV 13-7048 PSG (MRW), 2013 U.S. Dist. LEXIS 198354, at *4 (C.D. Cal. Dec. 27, 2013) (citing to *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008)).
[64] ER Vol. 3, 374-378.
[65] ER Vol. 3, 286-297.
[66] ER Vol. 1, 006.
[67] ER Vol. 2, 298-305; ER Vol. 3, 364-367.

nothing more than an attempt to reverse the state court decision or void its ruling. This is explicitly prohibited under the *Younger* doctrine.

As with the *Rooker-Feldman* doctrine, Menzer again emphasizes that his due process rights have been violated and the *Younger* doctrine does not apply. But as noted above, Menzer's due process arguments have been considered and rejected. He cannot come into federal court and relitigate those claims, and he has not shown how this case implicates federal questions the State District Court did not already consider. For this reason, this Court may affirm under the *Younger* doctrine should it find that the Federal District Court erred in dismissing the case on claim preclusion grounds.

/././

/././

/././

/././

/././

/././

/././

/././

/././

## **CONCLUSION**

For the foregoing reasons, Appellees, U.S. Bank, N.A., as Trustee for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5 and Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5 respectfully request that this Court affirm the Order of Dismissal.

DATED this 8th day of May, 2024.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Ramir M. Hernandez, Esq.*
Christina V. Miller, Esq.
Nevada Bar No. 12248
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
*Attorneys for Appellees, U.S. Bank, N.A., as Trustee for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5 and Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5*

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Ninth Circuit Rule 28-2.6, the undersigned Appellees are not aware of any related cases currently pending in this Court.

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that Appellees' Answering Brief has been prepared in a proportionally spaced type face, 14-point Times New Roman font, and contains 5,120 words, excluding the parts of the document exempted by Fed. R. App. P.32(a)(7)(B)(iii).

DATED this 8th day of May, 2024.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Ramir M. Hernandez, Esq.*
Christina V. Miller, Esq.
Nevada Bar No. 12248
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
*Attorneys for Appellees, U.S. Bank, N.A., as Trustee for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5 and Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2024, I electronically filed the following **APPELLEES' ANSWERING BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Lisa Cox
An Employee of Wright Finlay Zak, LLP