No. 23-3075

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

ROBERT MENZER,

Plaintiff-Appellant,

v.

U.S. BANK, N.A., as Trustee et. al.

Defendant-Appellee.

---

On Appeal from the United States District Court
for the District of Nevada
No. 3:23-cv-00299-MMD
Hon. Miranda Du, District Judge

---

## REPLY BRIEF

---

TORY M. PANKOPF
CALIFORNIA BAR NO. 202581 / NEVADA BAR NO. 7477
TORY M. PANKOPF, LTD.
748 S Meadows Parkway, Suite 244
Reno, Nevada 89521
Phone: 775.413.4242
tory@pankopfuslaw.com

*Attorney for Appellant*
*Robert Menzer*

## TABLE OF CONTENTS

Table of Contents……………………………………………. i-iv

Table of Authorities……………………………………….. ii-iv

Case Law………………..………………………………… ii-iii

State and Federal Statutes……….……………………………. iii-iv

Rules…………………………………………………… iv

I.    REPLY BRIEF……………………………………….... 1-21

A. Menzer Seeks to Enjoin the Constitutionally Infirmed
   Judgment........................................................................... 1

B. Menzer's State Court Appeal Was Dismissed for Lack of
   Jurisdiction…………………………………………. 1

C. U.S. Bank's Contends Menzer Waited Too Long to File His
   Motion to Quash Service…………,,,,,………………………... 2-11

   1.  U.S. Bank's Fraud Upon the State Court and Menzer……… 3

   a.  U.S. Bank's Misrepresentations to the State Court………. 4

   1)  First Misrepresentation……………………………... 4-5

   2)  Second Misrepresentation……………………………... 5

   3)  Third Misrepresentation……………………………. 5-6

   4)  Fourth Misrepresentation……………………………. 6

   b.  U.S. Bank's Misrepresentations to Menzer……………….. 7-10

   c.  U.S. Bank Does Not Deny Its Misrepresentations………… 10-11

**D. Standard of Review Re Interpretation of Law**……………………  **11**

**1. U.S. Bank Contends the State Court's Constitutionally Infirmed Judgment Was Based Upon Nevada's Binding Precedent.**  **11-12**

**a. Doyle v Jorgensen**…………………………………………...  **12-13**

**1) Menzer Did Not Waive U.S. Bank's Failure to Publish by Making a General Appearance**……...…………...…… **13-15**

**b. Deal v. Baines**……………….…..……………………………. **15-17**

**1) Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind**…………………………………………………….. **18-19**

**E. U.S. Bank Neglected to Respond Nevada's Statutory Provisions Requiring Process of Service to Be Strictly Pursued**……………... **23-24**

**F. Rooker-Feldman Doctrine Is Not Applicable**……………………... **20**

**G. Younger Doctrine Is Not Applicable**………………………………. **20-21**

**II. CONCLUSION**……………...………………………….......................  **21**

**CERTIFICATE OF COMPLIANCE**………………………………...  **22**

**CERTIFICATE OF SERVICE**…..…………………………………… **23**

**Table of Authorities**

**Case Law**

***Abreu v Gilmer*, 115 Nev. 308**……………………………………………  **2,**

***Bates v. Chronister*, 100 Nev. 675 (1984)**…………..………………  **11**

***Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, (5th Cir. 1988) 841 F.2d 646**………………………………………………  **18**

***Borger v. Dist. Ct.*, 120 Nev. 1021 (2004)**…………..……………  **11**

ii

*Canarelli v. Dist. Ct.*, 127 Nev. 808 (2011)…………………………..  11

*C.H.A. Venture v. G.C. Wallace Consulting*, 106 Nev. 381………..  2

*Colby v. Colby*, 78 Nev. 150……………………………………………  3

*Deal v. Baines*, 110 Nev. 509 (Nev. 1994)…………………………..  11, 12, 15, 17

*Doyle v. Jorgenson*, 82 Nev. 196 (Nev. 1966)………………………  11, 13, 14, 15

*Exxon Mobil Corp. v Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  20

*Foster v. Lewis*, 78 Nev. 330 (1962)…………………………………...  19

*Gassett v. Snappy Car Rental*, 111 Nev. 1416………………………  12

*Murphy v. Murphy*, 65 Nev. 264………………………………………  3

*Price v. Dunn* (Nev. 1990) 106 Nev. 100……………………………  3, 6

*San Jose Silicon v. San Jose* (9th Cir. 2008) 546 F.3d 1087)…….  15

*Simon v. Southern Railway*, (1915) 236 U.S. 115…………………..  1, 20

## State Statutes

**Nevada Revised Statute § 238.030** …………………………………..  19

**Nevada Revised Statute § 238.080**……………………………………  19

**Nevada Revised Statute §§ 238.010 to 238.080**……………………  19

## Rules

**Nevada Rules of Civil Procedure Rule 60(b)**……………………….  3, 12, 13, 14, 16, 18

**Nevada Rules of Civil Procedure Rule 41(e)**………...………..  15, 17

**Nevada Rules of Civil Procedure Rule 11……….……………….. 4**

# I.

## REPLY BRIEF

### A. Menzer Seeks to Enjoin the Constitutionally Infirmed Judgment.

As set forth in Menzer's opening brief, United States courts by virtue of their general equity powers have jurisdiction to enjoin the enforcement of a judgment obtained by fraud or without service. *Simon v. Southern Railway* (1915) 236 U.S. 115. Menzer's district court complaint sought to enjoin the state court's constitutionally infirmed judgment [ *Id.* ] where the state court acknowledged the summons had been published in Clark County rather than Douglas County. 2-ER-285-96; AB-4. U.S. Bank's erroneously states Menzer's complaint sought to enjoin the foreclosure sale of real property. Answering Brief ("AB")-1

### B. Menzer's State Court Appeal Was Dismissed for Lack of Jurisdiction.

U.S. Bank states in its answering brief that the Nevada Supreme Court dismissed Menzer's appeal based upon a lack of jurisdiction. AB-7. Prior to and thereafter, U.S. Bank incorrectly makes several statements that the Nevada Supreme Court affirmed the state court's order denying Menzer motions to quash and amend the order denying. AB-1, 8, 14, 20, and 22. To be clear, Menzer's appeal was dismissed for a lack of jurisdiction and no opinion on the merits of the appeal was made.

////

1

### C. U.S. Bank's Contends Menzer Waited Too Long to File His Motion to Quash Service.[1]

U.S. Bank's only argument attempting to justify it violating Menzer's right to due process is that Menzer waited too long to file his motion to quash service after he learned of the constitutionally infirmed judgment on May 29, 2019, when he saw the published Notice of Sheriff's Sale regarding his real property. 2-ER-151; 2-ER-107:5-6; 2-ER-109:1-7.

As discussed in the opening brief, actual notice of a suit is not an effective substitute for service of process. *Abreu v Gilmer*, 115 Nev. 308, 314, fn 5. Notice is not a substitute for service of process. *C.H.A. Venture v. G.C. Wallace Consulting*, 106 Nev. 381, 384. Personal service or a legally provided substitute must still occur to obtain jurisdiction over a party. *Id*. Of course, U.S. Bank does not address this issue in its answering brief. Clearly, the state court never had jurisdiction over Menzer to issue a default judgment against him.

Nor does U.S. Bank deny it concealed the fact the summons had not been published in Douglas County from Menzer and the state court. As discussed below, Menzer's delay in challenging the constitutionally infirmed judgment was because of U.S. Bank's concealment of its fraud regarding representations to the state court

---

[1] The purpose of this section is to provide the context surrounding U.S. Bank's rant that Menzer waived his right to due process.

in obtaining the default, the constitutionally infirmed judgment, and writ of execution against Menzer. Then its misrepresentations to Menzer regarding service of the summons by publication and its concealment of the affidavit of publication from him.

### 1. U.S. Bank's Fraud Upon the State Court and Menzer.

Like the constitutionally infirmed judgment, NRCP 60(b)(3) [2] provides that a court may relieve a party from a final judgment for extrinsic fraud upon a court *with no time limitation* [emphasis added]. *Price v. Dunn*, 106 Nev. 100, 104 (Nev. 1990). That is, the six-month time limitation in NRCP 60(b) which governs motions to set aside judgments does not apply to extrinsic fraud upon a court. *Id*. at fn. 1.

"Extrinsic fraud has been held to exist when the unsuccessful party is kept away from the court by . . . such conduct as prevents a real trial upon the issues involved, or any other act or omission which procures the absence of the unsuccessful party at the trial." *Id*. citing *Colby v. Colby*, 78 Nev. 150, 153-154, 369 P.2d 1019, 1021 (1962) (quoting *Murphy v. Murphy*, 65 Nev. 264, 271, 193 P.2d 850, 854 (1948)); see also *Murphy v. Murphy*, 103 Nev. 185, 186, 734 P.2d 738, 739 (1987).

---

[2] Since *Price* was decided NRCP Rule 60(b) has been amended. Rule 60(b)(3) regarding setting aside a void judgment is now Rule 60(b)(4).

### a. U.S. Bank's Misrepresentations to the State Court.

### 1) First Misrepresentation.

First, U.S. Bank filed the affidavit of publication with the State court stating that the summons had been published in Clark County. 2-ER-26. By presenting the affidavit to the state court for filing and later advocating the affidavit, pursuant to NRCP Rule 11(b), was proof Menzer had been served by publication. Counsel for U.S. Bank certified that the affidavit i.e., other paper, to the best of her knowledge/information formed after *a reasonable inquiry under the circumstances* [emphasis added] is not being presented for an improper purpose and the factual contentions have evidentiary support.

Here, U.S. Bank prepared and submitted the order for publication with its motion to enlarge the time to serve Menzer and knew the summons was supposed to have been published in Douglas County. By filing the affidavit, counsel for U.S. Bank certified that the affidavit complied with the order for publication after having made "a reasonable inquiry under the circumstances." That is, the summons had been published in Douglas County. Counsel's reasonable inquiry would have been her review of the affidavit [2-ER-26] prior to filing it. That would entail the review of the affiant's single statement which was:

> "I am Assistant Operations Manager of the Nevada Legal News, a daily newspaper of general circulation, ***printed and published in Las Vegas, Clark County, Nevada***: that the publication, a copy of which is attached hereto, was published in said newspaper on the following

4

dates: Dec 21, 2018; Dec 28, 2018; Jan 4, 2019; Jan 11, 2019; Jan 18, 2019. That said newspaper was regularly issued and circulated on those dates."

Certainly, counsel's inquiry would have alerted her to the fact the summons had not been published in Douglas County. The only reason U.S. Bank would file the affidavit would be for the improper purpose of misrepresenting to the state court it had timely complied with the order for publication and to obtain a default and default judgment against Menzer.

### 2) Second Misrepresentation.

U.S. Bank submitted to the district court a request for a default to be entered against Menzer. 2-ER-36-37. By submitting the request for default, counsel for U.S. Bank certified that the factual contention Menzer was in default was supported by evidence and the request was not being submitted for an improper purpose. Of course, as discussed above, U.S. Bank knew the summons had not been published in Douglas County and Menzer was not in default. Yet, U.S. Bank submitted the request for the improper purpose of obtaining Menzer's default.

### 3) Third Misrepresentation.

U.S. Bank submitted to the State court an application for a default judgment against Menzer. 2-ER-28-35. U.S. Bank's application misrepresents Menzer had been duly served via publication and defaulted. 2-ER-29:3-8. Counsel for U.S. Bank certifies its application is not being presented for an improper purpose and is

5

supported by evidence. Quite conspicuously, U.S. Bank omits the fact that the summons was not published in Douglas County. [Id.] It is conspicuous because U.S. Bank takes the time to assert that the publication occurred in the Nevada Legal News but omits that the publication occurred in Clark County. Id. U.S. Bank even attached the affidavit of publication as an exhibit. This is the third time counsel for U.S. Bank made a reasonable inquiry into the fact regarding whether the summons had been published in Douglas County.

### 4) Fourth Misrepresentation.

U.S. Bank prepared and submitted to the district court a writ of execution for issuance to the Sheriff. 2-ER-138-149. Again, counsel for U.S. Bank certified the writ was not being presented for an improper purpose and was supported by evidence. However, counsel knew Menzer had not been duly served, the default was not valid, and the default judgment was constitutionally infirmed.

U.S. Bank's failure to publish the summons in Douglas County and, thereafter, continually misrepresenting to the state court Menzer had been duly served via publication is fraud upon the state court. The state court's record is undeniable. U.S. Bank's misrepresentations intentionally kept Menzer away from the state court and is, therefore, fraud upon the court. *Price* at 104, supra.

### b. U.S. Bank's Misrepresentations to Menzer.

Counsel for U.S. Bank double downed on its misrepresentations when Menzer's counsel contacted its counsel. 2-ER-158-9. U.S. Bank contended Menzer did not explain the 16 month[3] delay from the email, the delay was unreasonable, and Menzer should be estopped from the relief requested. Menzer saw the published Notice of Sheriff's Sale in his local paper on or about May 30, 2019. 2-ER-44:1-2.

On May 31, 2019, Menzer's counsel, Mr. Pankopf, emailed counsel for U.S. Bank, Ms. Hintz, and contended U.S. Bank had violated the bankruptcy court's discharge order by obtaining a default judgment against Menzer for a debt that had been discharged. 2-ER-160. Ms. Hintz promptly replied and stated the default judgment was not against Menzer personally but rather was against his real property. 2-ER-158. To support her statement, she provided Mr. Pankopf a copy of the default judgment which confirmed her representation. 2-ER-158; 2-ER-256:24-7. Based upon Ms. Hintz's representations, Mr. Pankopf reasonably and justifiably concluded the default judgment had not been entered against Menzer personally. 2-ER-158.

---

[3] U.S. Bank actually contended more than 18 months had passed since the void default judgment was entered March 26, 2019. However, the motion was filed on October 6, 2020, which is almost exactly 16 months since Menzer saw the Notice of Sheriff's Sale.

Unbeknownst to Mr. Pankopf at that time was the fact that Ms. Hintz omitted relevant information regarding the default judgment. 2-ER-134. U.S. Bank's application for default judgment specifically requested the judgment be entered against Menzer personally. 2-ER-127:26-27. The writ of execution prepared by Ms. Hintz and thereafter issued by the state court specifically identified a judgment having been entered on March 26, 2019, in favor of U.S. Bank and against Menzer as the judgment debtor for $733,520.16. 2-ER-138. Ms. Hintz did not provide Mr. Pankopf with a copy of the judgment identified in the writ of execution. 2-ER-47:14-15. The notice of execution Ms. Hintz prepared also admonished Menzer that "[a] court has determined that you owe money to [Plaintiff]" and that Plaintiff is looking to satisfy its judgment from Menzer's personal property, including, but not limited to, his current and future earnings. 2-ER-143:5-12.

Ms. Hintz also represented to Mr. Pankopf that Menzer had been properly served via publication and provided a copy of the proof of service. 2-ER-158; 2-ER-47:19-20. Given Ms. Hintz's ethical obligations under Nevada's Rules of Professional Conduct, Mr. Pankopf had no reason to suspect Ms. Hintz would intentionally mislead or conceal from him the summons had not been published in Douglas County. ER-47:20-23. Also, given the Notice of Sheriff's Sale had been properly published in The Recorder-Courier [2-ER151; 2-44:1-2], a newspaper circulated in Douglas County, Mr. Pankopf justifiably and reasonably assumed the

8

summons had also been published in Douglas County in accordance with the publication order. 2-ER-47:23-26. Unbeknownst to Mr. Pankopf at that time, the summons had been published in Clark County rather than, as ordered, Douglas County. 2-ER-48:1-2.

Given Ms. Hintz's representations, Mr. Pankopf counseled Menzer as to his options concerning the sheriff's sale. Id. at 3-4. Menzer opted to and did file bankruptcy. 2-ER-44:4-5. However, because of his filing his credit lines for his roofing business were impaired. Id. at 5-6. Menzer found himself in a dilemma between saving his house or maintaining his business. Id. at 6. Menzer decided he needed to have access to credit for his business and, therefore, would not proceed with his bankruptcy. Id. at 6-8.

On or about September 7, 2020, Menzer found a notice to quit posted on his property. 2-ER-44:9. So, within the next few days he contacted Mr. Pankopf to see if there was anything he could do to defend against an unlawful detainer action. Id. at 10-11. Mr. Pankopf advised him that all he could do was to review whether the Sheriff followed proper procedure in noticing and conducting the sale. Id. at 11-12; 2-ER-48:6-8.

In the process of conducting his review of the Sheriff's Sale, Mr. Pankopf reviewed the State court's file to review the issued writ of execution, notice of execution, declarations of posting, publishing, recordings, and return of the writ of

execution. 2-ER-48:6-8. It was during this review that Mr. Pankopf discovered for the first time that Ms. Hintz's representation to him regarding service of the summons via publication was false. Id. at 11-13. That is, the summons had been published in Clark County rather than Douglas County. Id. at 13-14. Mr. Pankopf also discovered that her representations regarding the judgment were misleading as well. Id. at 14-15. That is, the application for default judgment requested a judgment against Menzer personally and the writ of execution identified him as having had a judgment entered against him. Id. at 15-17.

Thereafter, on October 6, 2020, Menzer promptly filed his motion to quash service and set aside/vacate the default judgment. 2-ER-50-60. Given U.S. Bank's misrepresentations of the facts to Menzer and Menzer's justifiable reliance on them, U.S. Bank was the cause of the delay. That is, U.S. Bank's misrepresentations kept Menzer away from the State court. *Price*, supra.

### a. U.S. Bank Does Not Deny Its Misrepresentations.

U.S. Bank did not respond to Menzer's argument that it had made any of these misrepresentations in either its opposition to Menzer's Motion to Set Aside [2-ER-106-22] or his Motion to Amend. In fact, U.S. Bank answering brief does not deny it misrepresented to Menzer the summons had been published in Douglas County. U.S. Bank's failures to deny it made these misrepresentations to the state court and

Menzer may be treated as a confession of error and/or admissions. *Bates v. Chronister*, 100 Nev. 675, 682 (1984).

Likewise, the state court's orders denying Menzer's motions failed to address and make express written findings regarding Menzer's arguments and facts presented. So, Menzer justifiably believed the default judgment was valid because U.S. Bank knowingly misrepresented to him the summons had been published in Douglas County. Regardless, actual notice of a suit is not an effective substitute for service of process. *Abreu, supra.*

### D.  Standard of Review Re Interpretation of Law.

Issues involving conclusions of law are legal issues subject to de novo review. *Canarelli v. Dist. Ct.*, 127 Nev. 808, 813, 265 P.3d 673, 676 (2011) (declaring that "[w]e review the 'district court's conclusions of law, including statutory interpretations, de novo'" (quoting *Borger v. Dist. Ct.*, 120 Nev. 1021, 1026, 102 P.3d 600, 604 (2004)).

### 1.  U.S. Bank Contends the State Court's Constitutionally Infirmed Judgment Was Based Upon Nevada's Binding Precedent.[4]

The state court misconstrued and erroneously applied *Doyle v. Jorgensen*, 82 Nev. 196 (1966) [2-ER-64:27] and *Deal v. Baines*, 110 Nev. 509 (Nev. 1994). 2-

---

[4] Even if the State Court's interpretation of Doyle and Deal was correct, and it is not, they are not binding precedent on whether the U.S. Constitution was violated.

11

ER-64:8-13 to conclude Menzer waived his right to due process. Of course, there are no U.S. Supreme Court decisions holding a person's right to due process can be waived. Nor did U.S. Bank cite to any such cases.

### a. Doyle v. Jorgensen

*Doyle v. Jorgensen*, 82 Nev. 196 (1966) was overruled by *Gassett v. Snappy Car Rental*, 111 Nev. 1416, 1421 (1995) in that challenging a void judgment does not constitute a general appearance. In *Doyle*, the Court was confronted with the relevance of a defendant's "general appearance" subsequent to a default judgment and the propriety of a trial court "reinstating" this default judgment after first setting it aside. *Id*. at 197-8. One of the defendants, Willa, was personally served with one summons addressed to both of them. *Id*. at 198. The other defendant, Michael, was in the Armed Services and stationed outside of Nevada at the time Willa was served. *Id*.

A default judgment was secured against both defendants. *Id*. Defendants filed a joint application to set aside the default judgment on the grounds that Michael was not legally served and upon further grounds that the judgment should be set aside against both defendants by reason of their mistake or inadvertence or surprise or excusable neglect of their counsel within the meaning of NRCP 60(b)(1).[5] *Id*.

---

[5] Since *Doyle* was decided NRCP Rule 60(b) has been amended. Rule 60(b)(3) regarding setting aside a void judgment is now Rule 60(b)(4).

12

The motion was granted with certain conditions including the requirement Michael waive his rights under the Soldiers' and Sailors' Civil Relief Act ("Relief Act"). *Id*. at 198-9.

Willa filed her answer, but Michael did not. *Id*. at 199. Plaintiff moved to reinstate the default. Michael opposed the motion based upon the judgment being void and Rule 60(b)(1). *Id*. He also attached a proposed answer. *Id*. The district court reinstated the default judgment against both defendants because Michael had failed to comply with the set aside order. *Id*. Defendants appealed claiming Michael still has not been properly served. *Id*.

On appeal, the court concluded service upon Michael was ineffective because only one copy of the summons was delivered to Willa. *Id*. at 200. Without proper service, the judgment against Michael was void. *Id*. at 201. However, because Michael sought relief under Rule 60(b)(1) i.e., mistake or inadvertence etc., he had made a general appearance and waived any defects in service of process. *Id*.

### 1) Menzer Did Not Waive U.S. Bank's Failure to Publish by Making a General Appearance.

The state court conclusion that procedural defects rendering a judgment void can be waived is implying Menzer waived U.S. Bank's failure to comply with the publication order. 2-ER-64:3-5. The difference between *Doyle* and Menzer is that Michael's waiver of the defective service was because he made a general

13

appearance by including Rule 60(b)(1) with his Rule 60(b)(3) motion. Menzer's Motion to Set Aside is based only on the default judgment being void. He does not claim mistake, inadvertence, or surprise etc. He could not because the six-month time limit had long since expired.

The state court posited *Doyle* for the proposition that Menzer's delay in challenging the void default judgment after he had seen the Notice of Sheriff's Sale constituted a waiver. The state court is mistaken because Michael had made a general appearance at the time he filed the 60(b)(1) motion and subjected himself to the personal jurisdiction to the state court. A delay in challenging a void default judgment does not constitute a general appearance, thus, waiving U.S. Bank's failure to publish the summons. Especially, as discussed in the opening brief, when the delay was caused by U.S. Bank's misrepresentations. [Discussed supra] Menzer did not make a general appearance by filing his motion to quash service.

Finally, the *Doyle* court opined that when granting a motion to set aside a default judgment a district court may relieve a party or his legal representative from a final judgment, etc., upon the specified grounds enumerated. *Doyle* at 203. It is in the context of granting relief to defendants pursuant to Rule 60(b)(1), that the *Doyle* court opined "[t]he court therefore is entitled to look to the equities for all parties" [ *Id*. ] when granting relief under NRCP 60(b)(4). There is no direction to a state court to look at the "equities for all parties" when denying relief [emphasis

14

added] under NRCP 60(b)(4). To that end, the state court erred in denying Menzer's Motion to Set Aside based upon its erroneous interpretation of *Doyle* that Menzer's delay of 18 months in opposing the default judgment was unreasonable and unfair to U.S. Bank. 2-ER-64:17-22.

### b). Deal v. Baines.

*Deal* is inapposite. In *Deal*, on February 24, 1981, Deal and Baines had been sued by Valley Bank of Nevada. *Deal* at 510. Deal crossclaimed against Baines. *Id*. Baines had answered the complaint and crossclaim. Thereafter, the State court granted the bank's motion for summary judgment against only Baines. *Id*. Baines twice appealed the order. *Id*. On January 29, 1987, Deal filed a notice of trial on his crossclaim. *Id*. Baines did not appear, and judgment was entered against him on February 8, 1990. *Id*. at 511. On January 8, 1991, a judgment debtor examination was conducted at which Baines' counsel appeared. *Id*. On August 4, 1992, Deal served a writ of garnishment on property in which Deal believed Baines retained an ownership interest. *Id*. Then, on September 3, 1992, Deal subpoenaed the Nevada State Contractor's Board regarding information pertaining to assets belonging to Baines. *Id*.

On September 28, 1992, Baines filed a motion to set aside the judgment and dismiss the action pursuant to NRCP 41(e) contending the five years had elapsed from the February 1981 bank filing of its complaint to the September 1987 trial. *Id*.

15

Baines argued that since dismissal of the case was mandatory under Rule 41(e), no judgment should have ever been entered.  *Id*.  Alternatively, Baines requested the district court set aside the judgment pursuant to NRCP 60(b)(1), arguing that it was entered because of "excusable neglect" on the part of Baines, or that it be set aside as a void judgment under NRCP 60(b)(3)[6] since "the judgment was entered on a trial that took place beyond the five-year mandatory dismissal period of NRCP 41(e)."  *Id*.  The district granted Baines' motion and vacated its prior judgment.  *Id*. at 511-12.  The district court did not state whether it based its order vacating the judgment against Baines on Rule 60(b), Rule 41(e) or a combination of the two.  *Id*. at 512.

The *Deal* Court concluded that Baines' Rule 60(b)(1) motion was untimely because he failed to file it within 6 months after the Deal judgment was entered.  *Id*. The *Deal* Court also concluded that Baines' Rule 60(b)(3) motion was not made within a "reasonable time" given five years had passed from the trial on the crossclaim to the filing of his motion.  *Id*.  It was unreasonable for Baines to wait nearly two years to file his motion under Rule 60(b)(3) to vacate a judgment where he failed to explain why he waited, especially since Deal continued to attempt to collect on the judgment during those two years.  *Id*.

---

[6] Since *Deal*, Rule 60 has been amended and section (b)(3) regarding "void judgments" is now (b)(4).

16

In *Deal*, there is no question the state court had personal jurisdiction over Baines where Baines had been served with the summons and answered the complaint and cross-complaint. On the contrary, Menzer was never served with the summons, nor did he answer the complaint. The state court never had personal jurisdiction over him to enter a default or default judgment and still does not. Moreover, Baines challenged the judgment as void because it was entered after, as he contended, the case should have been dismissed pursuant to NRCP 41(e). Menzer challenged the default judgment as constitutionally informed because U.S. Bank failed to serve him by publishing the summons in Douglas County.

The *Deal* Court concluded it was unreasonable of Baines to wait nearly 2-years to years without explaining why he waited. Although Menzer contends he was not required to explain the lapse of time from when he saw the published legal notice on May 30, 2019, to September 7, 2020, when he discovered U.S. Bank's misrepresentation regarding the summons having been published in Douglas County, Menzer did explain the lapse in his reply [2-ER-42-44; 2-ER-46-48] due to U.S. Bank's fraud perpetrated on him and the state court. [Discussed supra]

The *Deal* Court does not conclude state courts may consider lack of diligence, including equitable estoppel principles, to deny relief from a void judgment where a defendant's right to due process has been denied. 2-ER-64:11-13. The case is bereft of any such language. *Deal, supra*.

17

### 1) Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind

The state court erroneously concluded that *Deal* recognizes a principle in *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, (5th Cir. 1988) 841 F.2d 646, (a Due Process Clause case). Namely, "once a party becomes fully aware of a judgment or order, that party should promptly seek relief to avoid circumstances that would make relief inequitable or give rise to estoppel. 2-ER-64:13-16. The conclusion is erroneous because *Bludworth* does not contain any such language [ *Id*. ] and a State court must have personal jurisdiction over a party to enter a judgment against that party.

The state court's order omits Bludworth's actual conclusions that "When [ ] a district court lacks jurisdiction over the defendant because of lack of service of process, the judgment is void and, under Rule 60(b)(4)[7], the district court must set it aside, regardless of whether the movant has a meritorious defense. Furthermore, there is generally no timeliness requirement applicable to a Rule 60(b)(4) motion." *Id*. at 649.

At footnote 6, *Bludworth* cites "Professors Moore and Lucas [who] agree that there is no time limitation on a Rule 60(b)(4) motion but note that there may be "exceptional situations" [emphasis added] when a court might deny such a motion for lack of diligence, 7 J. Moore J. Lucas, Moore's Federal Practice ¶ 60.25[4] at

---

[7] NRCP Rule 60(b)(4) is identical to and modeled after FRCP Rule 60(b)(4).

60-242 (2d ed. 1987)." *Id*. at fn. 6. *Bludsworth* continued by noting "[s]ince there seems to be universal agreement that laches cannot cure a void judgment [emphasis added], and no court has denied relief under Rule 60(b)(4) because of delay, such "exceptional situations" are difficult to imagine. *Id*.

**E. U.S. Bank Neglected to Respond Nevada's Statutory Provisions Requiring Process of Service to Be Strictly Pursued.**

The statutory provisions for acquiring jurisdiction over a defendant by other than personal service must be strictly pursued. *Foster v. Lewis*, 78 Nev. 330, 333, 372 P.2d 679, 681 (1962). Any and all legal notices shall be published only in a newspaper of general circulation and printed in whole or in part in the county in which the notice is required to be published. Nevada Revised Statute ("NRS") § 238.030(1). Any and every legal notice published in a newspaper in violation of any of the provisions of NRS 238.010 to 238.080, inclusive, shall be absolutely void. NRS 238.080.

U.S. Bank conveniently neglected to address why it did not strictly comply with Nevada's requirements for service via publication. It feigned compliance in its answering brief by stating it complied with the state court's order to publish in the Nevada Legal News despite being aware Nevada Legal News does not publish in Douglas County. It disingenuously ignored the fact the order required the summons to be published in Douglas County. 2-ER-110.

19

**F. Rooker-Feldman Doctrine Is Not Applicable.**

The Rooker-Feldman Doctrine bars district courts from reviewing final judgments of state courts for the purpose of reversing them. *Exxon Mobil Corp. v Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). Menzer does not seek to reverse the state court's constitutionally infirmed judgment. Menzer seeks to enjoin U.S. Bank from enforcing it as it was obtained by fraud and without service as set forth in the complaint. *Simon*, supra. The Rooker-Feldman Doctrine is not applicable and, therefore, the decision should not be affirmed on this alternative ground.

**G. Younger Doctrine Is Not Applicable.**

"[I]n addressing Younger abstention issues, district courts must exercise jurisdiction except when specific legal standards are met and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise." *San Jose Silicon v. San Jose* (9th Cir. 2008) 546 F.3d 1087, 1092. The four Younger requirements are: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves. *Id*.

20

Here, a state-initiated proceeding was not ongoing at the time the complaint was filed as is obvious from the entry of the constitutionally infirmed judgment at issue herein. Consequently, none of the remaining requirements have been nor could be met.

The Younger Doctrine is not applicable.

## II.

## CONCLUSION

Based upon the foregoing, the district court's order granting U.S. Bank's motion to dismiss with prejudice and denying Menzer's motion for a preliminary injunction must be reversed and remanded.

Dated: July 7, 2024

By: s/Tory M. Pankopf
Tory M. Pankopf Ltd
748 S Meadows Pkwy, Ste. 244
Reno, Nevada 89521
(775) 413-4242
Attorney for Appellant,
Robert Menzer

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 4695 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). Undersigned counsel further certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced 14-point, Times New Roman typeface using Microsoft Word 2024.

DATED: This 10th day of July 2024.   /s/ *Tory M. Pankopf*
                                     Tory M. Pankopf

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED:  This 10th day of July 2024.

/s/ *Tory M. Pankopf*

Tory M. Pankopf

23