**FILED**

**NOT FOR PUBLICATION**

NOV 7 2024

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MENZER, | No. 23-3075 |
| Plaintiff-Appellant, | D.C. No. 3:23-CV-00299-MMD-CLB |
| v. | |
| U.S. BANK, N.A., *et al.*, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted October 24, 2024**
San Francisco, California

Before: S.R. THOMAS, WARDLAW, and COLLINS, Circuit Judges.

Partial Concurrence by Judge Collins.

Robert Menzer ("Menzer") appeals the district court's dismissal of his

complaint on the basis of claim preclusion. "We review de novo a district court's

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal based on res judicata." *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002). We can affirm on any grounds supported by the record. *Franklin v. Terr*, 201 F.3d 1098, 1100 n.2 (9th Cir. 2000). Because the parties are familiar with the history of this case, we need not recount it here. We affirm.

I

The district court did not err by holding that Menzer's claims were barred based on claim preclusion or res judicata. Res judicata prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Nevada's claim preclusion rules apply because U.S. Bank asks the Court to give preclusive effect to a Nevada state court judgment. *See* 28 U.S.C. § 1738; *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982) ("§ 1738 . . . commands a federal court to accept the rules chosen by the State from which the judgment is taken.").

Under Nevada law, claim preclusion applies when "(1) there has been a valid, final judgment in the previous action; (2) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first action; and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, *or* the defendant can demonstrate that he or she

should have been included as a defendant in the earlier suit and the plaintiff fails to provide a 'good reason' for not having done so." *Weddell v. Sharp*, 350 P.3d 80, 81 (Nev. 2015). Under Nevada Rule of Civil Procedure 13(a), a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." NRCP 13(a) further instructs that "[a] pleading shall state [any compulsory claim] which at the time of serving the pleading the pleader has against any opposing party [.]" Thus, Menzer's affirmative claims against foreclosure were compulsory counterclaims. *Mendenhall v. Tassinari*, 403 P.3d 364, 370 (Nev. 2017).

As to Menzer's motion to set aside the judgment, the state district court heard Menzer's arguments as to why the default judgment should be deemed void, and held that Menzer waived any procedural defects with service. Menzer fully litigated his claims through the state court proceedings, and consequently, left nothing further for the state court to consider regarding the validity of the default judgment. *See Sandstrom v. Second Jud. Dist. Ct.*, 119 P.3d 1250, 1252 (Nev. 2005). The default judgment is therefore a valid final judgment.

Second, all three of Menzer's claims–violation of due process, slander of title, and fraud–were or could have been raised in the state court case, either as a defense to the original foreclosure action or in the motion to set aside the

3

judgment. "[A]ll claims based on the same facts and alleged wrongful conduct that were or could have been brought in the first proceeding are subject to claim preclusion." *Rock Springs Mesquite II Owners' Ass'n v. Raridan*, 464 P.3d 104, 108 (2020) (internal citation omitted). Menzer alleged that U.S. Bank violated his right to due process by failing to provide him with proper service in his motion to set aside the default judgment. In the motion to set aside the judgment, Menzer also pled the facts to support his slander of title and fraud claims. Menzer raised the due process violation, and could have raised the other two claims during the state court proceeding.

Finally, the parties in the complaint are identical to the parties in the state court action with the exception of the inclusion of Residential Funding, which is in privity with U.S. Bank. The Nevada Supreme Court has adopted the Restatement (Second) of Judgments § 41, which recognizes privity under an "adequate representation" analysis. *Mendenhall*, 403 P.3d at 369. Under this analysis, privity exists if a party represented the interests of a non-party. Restatement (Second) of Judgments § 41(1)(a) (Am. L. Inst. 1982). Here, U.S. Bank holds the relevant property as a trustee for Residential Funding. As a trustee of the property, U.S. Bank acted in a representative capacity for Residential Funding, satisfying the privity requirement.

4

II

The district court's dismissal was also proper under the *Rooker–Feldman* doctrine. "*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (emphasis added). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Menzer's complaint alleges that the Nevada state court's decision to deny his motion to set aside the default judgment against him was erroneous and seeks an order to enjoin Defendants from enforcing the judgment and declare the judgment void. This claim falls within the scope of the *Rooker–Feldman* doctrine, depriving the district court of jurisdiction over the action.

The extrinsic fraud exception to *Rooker-Feldman*, *see Kougasian*, 359 F.3d at 1140, does not apply here. The "extrinsic fraud" exception is meant to distinguish between claims where the litigant is merely trying to relitigate his or her previous state court claims and claims that could not be properly adjudicated at the state court level due to "a wrongful act by the adverse party" that interfered

with the court's ability to properly resolve the underlying state court matter. *Id.* at 1141. Here, Menzer's complaint is not that the state court's rulings rejecting his challenges to the underlying judgment were obtained by fraud, but rather that those rulings erroneously rejected his claim that they were obtained by fraud and violated his due process. Therefore, the exception does not apply.

## III

In sum, the district court correctly concluded that all three elements of claim preclusion are satisfied, and that Menzer's claims are barred. Dismissal was also proper under the *Rooker-Feldman* doctrine. Costs are taxed against Appellant.

**AFFIRMED**.

COLLINS, Circuit Judge, concurring in part and in the judgment:

I concur in Section II of the court's memorandum and on that basis concur in the judgment.